**Woodrow JAMES, Jr.**

v.

**David HAFLER, and Jerome Bresson, individually and d/b/a Broad Axe Realty, and Broad Axe Realty Company, Defendants & Third-Party Plaintiffs,**

v.

**H. Jack PENDLEY, Davis Pendley, and Alton K. Bruce, d/b/a Naples Company, Third-Party Defendants.**

Civ. A. No. 13738.

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 31, 1970.

Howard Moore, Jr. and Peter E. Rindskopf, Atlanta, Ga., for plaintiffs.

Harold M. Rifas, Rifas & Cowan, Miami, Fla., Weltner & Crumbley, Atlanta, Ga., for defendants and third party plaintiffs.

Johnston & McCarter, Hapeville, Ga. for third party defendants.

### ORDER OF COURT

MOYE, District Judge.

This case is submitted to the Court on the motions of plaintiff to strike two of defendants' defenses and to expunge an exhibit to the third party defenses and answer, and upon defendants' motion to dismiss.

### STATEMENTS OF THE FACTS

This case arose out of the attempt by plaintiff to rent an apartment at Wesleyan Apartments, which were managed by third-party defendants. The alleged acts of discrimination arose out of this attempt to rent. The case is brought as a class action under Sections 810 and 812 of the Fair Housing Act of 1968, 42 U.S.C. Sections 3610 and 3612, and under 42 U.S.C. Sections 1981 and 1982, and seeks an injunction against further discrimination, a declaratory judgment, damages, and other relief.

During the period of time pertinent here, Wesleyan Apartments were managed by third-party defendants for defendants, said third-party defendants having sold Wesleyan Apartments to defendants prior to the alleged acts of discrimination.

As a result of plaintiff's charges, third-party defendants entered into conciliation efforts with plaintiff under the auspices of the Department of Housing and Urban Development (HUD). This conciliation effort resulted in a settlement agreement between plaintiff and third-party defendants, apparently on April 17, 1970, said agreement being approved by HUD on May 13, 1970.

This suit was filed on May 8, 1970, alleging discriminatory acts, which acts were apparently the same acts which were the basis of the complaint with HUD out of which the settlement agreement was reached.

### PLAINTIFF'S MOTION TO STRIKE

A. Section 3612 Claim.

Defendants' first defense is that the complaint fails to state a claim upon which relief can be granted for the reason that it was not timely filed.

Defendants contend that the alleged discrimination took place on June 14 and 15, 1969, and that the complaint was not filed until May 12, 1970 (actually May 8, 1970), which was more than 180 days after the alleged discrimination. This, defendants contend, would bar the suit, since 42 U.S.C. Section 3612(a) has a jurisdictional prerequisite requiring a civil action under this title (Title VIII) to be "commenced within one hundred and eighty days after the alleged discriminatory housing practice occurred. * * *"

Plaintiff's motion as to the Section 3612 claim is not well taken.

Both Section 3612 and Section 3610 contain the 180–day limitation. While it may be true that by following the conciliation scheme of Section 3610 defendants have tolled the 180–day limitation, cf. Miller v. International Paper Company, 408 F.2d 283 (5th Cir. 1969); Burnett v. New York Central Railroad Company, 380 U.S. 424, 85 S.Ct. 1050, 13 L. Ed.2d 941 (1965), the same would not be

true of a direct suit under Section 3612. Plaintiff has not complied with the 180–day limitation of Section 3612(a), and such failure is fatal. The motion to strike as to Section 3612 is denied.

Since the record affirmatively shows that more than the 180 days allowed under Section 3612 passed before the suit was filed (from June 15, 1969 to May 8, 1970), defendants' motion to dismiss as to the Section 3612 claim is granted, and that claim is dismissed.

B.  Section 3610 Claim.

■ The mandatory language of Section 3610(d) requires that a civil action brought pursuant to that section be brought "against the respondent named in the complaint (filed with HUD under this section)." The burden of meeting this jurisdictional requirement is upon the plaintiff, and such burden of showing compliance has not been met. Therefore the motion to strike as to Section 3610 is denied. If a verified copy of the complaint before HUD will show no compliance with Section 3610, defendants may file a motion for partial summary judgment as to that claim based upon such complaint.

■ Likewise plaintiff's motion that the settlement agreement approved by HUD be expunged from the record is denied, since it may be relevant, and since a verified copy of the complaint may show the necessary identity of the parties before HUD and before this Court. The Court is of the opinion that a settlement agreement such as this is the culmination of "* * * the course of such informal endeavors * * *" and is not proscribed by Section 3610(a).

■ This leaves defendants' motion to dismiss for failure to state a claim upon which relief can be granted. The motion is denied. At the very least, plaintiff's claims under 42 U.S.C. Sections 1981 and 1982 remain, as does the claim under Section 3610. Defendants' brief does not address itself to this motion, and the Court sees no grounds for granting it.

To summarize the foregoing, plaintiff's motion to strike the first and third defenses and to expunge are denied. Defendants' motion to dismiss is denied except as the Section 3612 claim, which is dismissed.