Thelma **YOUNG** et al., Plaintiffs,

v.

**AAA REALTY COMPANY OF GREENSBORO, INC., and Katherine Agapion,
Defendants.**

**No. C-96-G-72.**

United States District Court,
M. D. North Carolina,
Greensboro Division.

Nov. 9, 1972.

Marion G. Follin III, Greensboro, N. C., for plaintiffs.

William S. Agapion, Greensboro, N. C., for defendants.

## MEMORANDUM OPINION AND ORDER

GORDON, Chief Judge.

This case arises out of the refusal of the defendant AAA Realty Company of Greensboro, Inc., (hereinafter AAA), through its chief operating agent and principal shareholder, defendant Katherine Agapion, to rent apartments to three black adults, individual plaintiffs herein. Plaintiffs allege that their rejection as lessees by AAA was because of their race. They contend that defendants have thus violated §§ 810 and

812 of the Fair Housing Act of 1968, (hereinafter the Act), 42 U.S.C. §§ 3610 and 3612, and two sections of the Civil Rights Act of 1866, now codified as 42 U.S.C. §§ 1981 and 1982. Jurisdiction of this Court is invoked under Title 28, U.S.C. §§ 1343 and 2201. Furthermore, pursuant to Rule 23, Federal Rules of Civil Procedure, plaintiffs bring a class action on behalf of all other black persons who have been similarly treated by AAA.

Defendants have submitted to the Court a motion to dismiss grounded on five contentions: (1) plaintiffs have failed to bring this action within the time allowed by the Act; (2) the complaint fails to state a claim upon which relief can be granted; (3) the Court lacks jurisdiction under Title 28, U.S.C. § 1343; (4) there is an improper joinder of parties; and (5) Katherine Agapion was acting as an agent for AAA and not as an individual; hence, the action should be dismissed at least as to her.

In any event, it is contended by the defendants, authority should not be given for this action to proceed as a class action.

There are two sections of the Act which authorize commencement of a suit by a person who has been injured by a discriminatory practice made illegal by the Act. The first, Title 42, U.S.C. § 3610, provides that an aggrieved person may file a charge with HUD within 180 days after the alleged discriminatory act. HUD may, within its discretion, thereafter seek to resolve the complaint through informal methods of conference, conciliation and persuasion. The aggrieved party's access to the courts is provided for by this section in the following manner:

"(d) If within thirty days after a complaint is filed with the Secretary . . ., the Secretary has been unable to obtain voluntary compliance with this subchapter, the person aggrieved may, within thirty days thereafter, commence a civil action in any appropriate United States district court, against the respondent named in the complaint, to enforce the rights granted or protected by this subchapter, insofar as such rights relate to the subject of the complaint . . . ."

The second means of access to the courts provided an aggrieved person under the Act is located in § 3612:

"(a) The rights granted by sections 3603, 3604, 3605, and 3606 of this title may be enforced by civil actions in appropriate United States district courts without regard to the amount in controversy . . . . A civil action shall be commenced within one hundred and eighty days after the alleged discriminatory housing practice occurred . . . ."

Plaintiffs have alleged violations of the Act by defendants on the following dates: May 11, August 16, and August 19, 1971. They filed their respective charges with HUD on September 8, September 9, and August 23, 1971. On March 6, 1972, HUD sent each plaintiff a letter informing him that it had failed to obtain voluntary compliance by the defendants and each plaintiff had thirty days from the receipt of that letter in which to file a suit in an appropriate court. On April 5, 1972, plaintiffs filed this action jointly.

Defendants argue that §§ 3610 and 3612 must be read together to create only one cause of action, which must be commenced within 180 days after the date of the alleged violation. It follows, they contend, that since the violations alleged by the plaintiffs are alleged to have occurred more than 180 days before this action was commenced, suit is barred under the Act.

Plaintiffs concede that an action under § 3612 is barred, since the 180 days limit has not been met. They argue, however, that §§ 3610 and 3612 offer alternative remedies and that they have successfully complied with the requirements of § 3610.

It is the Court's opinion that neither party has made a correct analysis of the Act. Plaintiff is right in one respect—§§ 3610 and 3612 do offer

alternative methods of suing in Federal Courts. Brown v. Lo Duca, 307 F.Supp. 102 (E.D.Wis.1969); Johnson v. Decker, 333 F.Supp. 88 (N.D.Cal.1971); Crim v. Glover, 338 F.Supp. 823 (S.D.Ohio 1972). Hence, plaintiffs need only meet the requirements of either § 3610 or § 3612 to remain in Court under the Act. Since plaintiffs concede they do not meet the 180 days limit of § 3612, they must resort to the prior section. Section 3610 allows a thirty-day period in which a person aggrieved under the Act must file his action. This thirty-day period begins running thirty days after the aggrieved person has filed his charges with HUD, but only if HUD has not obtained voluntary compliance by that date. Hence, plaintiffs herein must have commenced this action on or before the sixtieth day after they filed their charges with HUD.[1] A brief calculation using the dates stated above reveals that this action was commenced well beyond the sixtieth day after the charges were filed with HUD. It follows that plaintiffs have failed to meet the time limitations of § 3610(d) and that they are barred from suing under that section or, consequently, under any part of the Act.

Plaintiffs vigorously oppose the interpretation placed upon § 3610 by this Court. They argue that the thirty-day period for filing an action under § 3610 began to run upon plaintiffs' receiving notice from HUD that it had been unable to obtain voluntary compliance with the Act. In support of this argument, plaintiffs rely, in part, on the written regulations of HUD, 24 Code of Federal Regulations, § 71.34:

> "The person aggrieved shall be notified in writing by registered or certified mail when the Assistant Secretary has determined that he is unable to obtain voluntary compliance through informal methods of conference, conciliation or persuasion. The 30 days provided in Section [3610 (d)] within which civil action may be

commenced shall be deemed to begin upon the receipt of such notice."

They also rely on Brown v. Ballas, 331 F.Supp. 1033 (N.D.Tex.1971), wherein a Federal district court employed the same interpretation of § 3610 as the plaintiffs urge upon this Court. Further, plaintiffs contend that this Court's interpretation of § 3610 will transform HUD's conciliation efforts into "meaningless formalities," since the alleged violators will be reluctant to voluntarily comply with the Act once a suit has been filed against them. Finally, they argue that the already over-crowded courts will bear an additional burden of suits which might be averted if HUD proceedings are allowed to run their course.

Administrative interpretations of statutes are not to be followed in every instance, but are only helpful guides to aid the courts in their task of statutory construction. Sims v. United States, 252 F.2d 434 (4th Cir. 1958), aff'd, 359 U.S. 108, 79 S.Ct. 641, 3 L. Ed.2d 667 (1959). The ultimate authorities on issues of statutory interpretation are the courts, Volkswagenwerk, etc. v. FMC, 390 U.S. 261, 272, 88 S.Ct. 929, 19 L.Ed.2d 1090 (1968), which have the final responsibility to declare what a statute means. Williams v. Dandridge, 297 F.Supp. 450 (D.Md. 1968). This Court finds that the HUD interpretation of the Act, insofar as it relates to the beginning date of the thirty-day period for filing a private action under § 3610, directly contradicts the plain language of the Act. Consequently, that interpretation will not be used by the Court.

Likewise, the Court finds Brown v. Ballas, *supra*, unpersuasive. The *Brown* case, as the instant case, involved alleged racial discrimination by a lessor against a prospective black lessee. The aggrieved party filed his complaint with HUD on January 16, 1970. On April 10, 1970, a reconciliation confer-

---

1. It is conceded by the parties that HUD was never able to obtain defendants' voluntary compliance with the Act.

**1386**

ence between HUD and the respondent was held without success. The plaintiff filed suit on June 3, 1970, fifty-four days after HUD had terminated its efforts to obtain voluntary compliance. There was no evidence that the plaintiff had ever received any notice from HUD that its efforts had been terminated. The defendant argued, on motion to dismiss, that the plaintiff had failed to file his suit within the time allowed by § 3610(d). The court denied the motion, holding that the thirty days for filing an action does not commence until the plaintiff has notice that HUD has terminated its conciliatory efforts. The court thereafter stated: "The plaintiff will not be penalized because the agency conducting the administrative inquiry has failed to terminate its inquiry within the statutory limits or because it has failed to notify the plaintiff."

The *Brown* decision is perplexing to one who reads § 3610(d) carefully. That section says nothing about a notice from HUD as being prerequisite to the commencement of a private action. In fact, § 3610(d) contains no requirement for HUD to notify the complainant that it has terminated its conciliatory efforts. Moreover, there is nothing in the entire Act which even implies that HUD must have terminated its efforts before a private suit can be filed. To the contrary, §§ 3610(f) [2] and 3612(a) [3] provide a strong indication that Congress intended private court action and the conciliation efforts of HUD to exist contemporaneously.

The Brown decision is more easily understood in the light of the authority cited in that opinion. Virtually every supporting case cited therein arose under Title VII of the Civil Rights Act of 1964

(42 U.S.C. § 2000e et seq.) which prohibits discrimination in employment. The Equal Employment Opportunity Commission (hereinafter EEOC) is given a role in the reconciliation of discriminatory employment practices substantially similar to HUD's role in reconciling discriminatory housing practices. Section 2000e–5(e) includes a requirement that the EEOC notify the complainant if it has been unable to obtain voluntary compliance within thirty days after a charge has been filed with it. Thereafter, the complainant has thirty days in which to file a private court action. See Miller v. International Paper Co., 408 F.2d 283 (5th Cir. 1969) (particularly n. 17 on p. 287 and accompanying text).

As previously stated, § 3610 has no such notice requirement. It follows that the prerequisites to private suits under §§ 2000e–5(e) and 3610(d) are different, and the reliance on cases interpreting § 2000e–5(e) in order to determine the prerequisites to suit under § 3610(d) is erroneous. The basis of the decisions under § 2000e–5(e) is the unfairness to a plaintiff which would result if he were penalized for filing late simply because an agency failed to perform its duty of notification in a timely fashion. There is no such equitable consideration under § 3610(d). HUD has no duty of notification and, hence, the failure to notify a complainant would in no way inhibit the complainant's filing a court action on time.

The practical difficulties with the Court's interpretation of the Act are not so great as plaintiff would argue. Section 3610(f) provides that HUD shall terminate its efforts to gain voluntary compliance when a suit filed by an individual comes to trial.[4] It follows that

---

2. Section 3610(f) states:
"Whenever an action filed by an individual, in either Federal or State court, pursuant to this section or section 3612 of this title, shall come to trial the Secretary shall immediately terminate all efforts to obtain voluntary compliance."

3. Section 3612(a) states, in pertinent part:

" . . . [T]he court shall continue such civil case brought pursuant to this section or section 3610(d) of this title from time to time before bringing it to trial if the court believes that the conciliation efforts of the Secretary . . . are likely to result in satisfactory settlement. . . . "

4. See note 2 *supra*.

HUD's conciliation efforts may continue during the pretrial stages. Hence, it would appear that Congress did not believe, as plaintiffs contend, that the commencement of a private action would necessarily make HUD's efforts "meaningless formalities." A portion of § 3612(a) further supports this conclusion.[5] The Court notes that this latter provision also serves to alleviate the additional burden to the courts which plaintiffs argue will result if courts are allowed to accept private suits before HUD's efforts are terminated.

The Court entertained an oral motion to strike at the hearing on the motion to dismiss. It is the judgment of this Court that all references to §§ 3610 and 3612 of Title 42, U.S.C., be stricken from the complaint.

■■ Although plaintiffs have failed to state a cause of action under the Fair Housing Act of 1968, it is well settled that the facts alleged in their complaint will support an action under § 1982 of Title 42, U.S.C. Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968); Johnson v. Decker, 333 F.Supp. 88 (N.D.Cal. 1971); McLaurin v. Brusturis, 320 F.Supp. 190 (E.D.Wisc.1970); James v. Hafler, 320 F.Supp. 397 (N.D.Ga.1970). Plaintiffs' complaint apparently states a cause of action under § 1981 of Title 42 as well, since, in essence, racially discriminatory abuses of plaintiffs' rights to contract are alleged. See, e. g., Roberto v. Hartford Fire Ins. Co., 177 F.2d 811 (7th Cir. 1949), cert. denied, 339 U.S. 920, 70 S.Ct. 622, 94 L.Ed. 1343; Scott v. Young, 307 F.Supp. 1005 (E.D. Va.1969), aff'd 421 F.2d 143 (4th Cir. 1970). Furthermore, this Court has jurisdiction under Title 28, U.S.C., § 1343 (4) to entertain an action under §§ 1981 and 1982. Jones v. Alfred H. Mayer Co., supra; James v. Hafler, supra.

■ Defendants prayer for dismissal for misjoinder of parties is ill-taken. Rule 21, Federal Rules of Civil Procedure, specifically provides: "Misjoinder of parties is not a ground for dismissal of an action."

■ Defendants contend, on somewhat dubious grounds, that this is not a proper case for a class action. Other courts have recognized that an action seeking relief from racial discrimination is maintainable as a class action. See, e. g., Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (5th Cir. 1968); Esplin v. Hirschi, 402 F.2d 94 (10th Cir. 1968). Defendants fail to cite a single case in support of their position. On the other hand, plaintiffs devote seven pages of their brief to this issue and list citations which this Court finds persuasive. Therefore, the Court holds this case to be a proper class action. Each party may use the tools of discovery to further elucidate the bounds of class membership.

■ Finally, the Court finds no merit in defendant Agapion's contention that because she was at all times acting as an agent of defendant AAA she is not liable for her alleged acts of discrimination. She does not cite, nor has the Court found, any case which exonerates an individual from the consequences of individual actions merely because the individual was acting on behalf of a principal at the time of the allegedly injurious act.

In accordance with the foregoing opinion, it is

Ordered:

1. Defendants' motion to dismiss, filed June 23, 1972, is denied.

2. Defendants' motion to strike, made orally in open court on October 6, 1972, is granted. All references in plaintiffs' complaint herein to §§ 3610 and 3612 of Title 42, U.S.C., are hereby stricken.

3. This action shall proceed as a class action under the terms and provisions of Rule 23(a)(2) of the Federal Rules of Civil Procedure.

---

5. See note 3 *supra.*