Alonzo **STEVENS**, Plaintiff,

v.

**DOBS, INC.**, et al., Defendants.

Civ. No. 2417–RE.

United States District Court,
E. D. North Carolina.
March 28, 1974.

J. LeVonne Chambers, Chambers, Stein, Ferguson & Lanning, Charlotte, N. C., Samuel S. Mitchell, Raleigh, N. C., Sylvia Drew, NAACP Legal Defense Fund, New York City, for plaintiff.

W. C. Harris, Jr., of Harris, Poe, Cheshire & Leager, Raleigh, N. C., for defendants.

## MEMORANDUM OPINION AND ORDER

LARKINS, District Judge:

This cause is before this Court on plaintiff's motion for damages and counsel fees. He seeks out-of-pocket expenses, compensatory damages, punitive damages, court costs, and counsel fees. The defendants have resisted some of the fees as excessive under the circumstances and others as not allowable.

This is an action under the Civil Rights Act in which plaintiff alleged racial discrimination in the defendants' refusing to rent him an apartment in the Beckanna Apartments in Raleigh, North Carolina. By ORDER dated December 8, 1972 this Court found the refusal to rent was not racially motivated and defendants' motion for summary judgment was allowed. Plaintiff appealed and the Fourth Circuit reversed this Court's ORDER holding that the case had all the trademarks of racial prejudice. Mem. Dec. No. 73–1164, 483 F.2d 82 (Aug. 6, 1973). A hearing on remand was held in New Bern, North Carolina on February 25 on the issue of damages, and reply briefs have been submitted to the Court.

## I. *Counsel Fees*

The primary area of concern appears to be that of counsel fees. Plaintiff contends that attorneys' fees are appropriate under both 42 U.S.C. § 3612 and § 1982, even though he was a salaried officer at Shaw University at the time the action was instituted. Plaintiff argues that the legislative intent was to allow counsel fees so that individuals would not be discouraged by cost from bringing suits to enforce their civil rights. It is further argued that disallowing counsel fees would penalize plaintiff for being gainfully employed and that since the action was begun plaintiff has married and returned to graduate school. Plaintiff prays for an award of $14,700.-00 for attorneys' fees. (196 hours X $75 per hour).

The defendants contend that compensation for counsel is in the discretion of this Court and that since plaintiff was salaried at $10,000.00 per year no award should be made. They further contend that even if an award is justified, the rate of $75 per hour is not in line with counsel fees in this district and the hours are not an accurate reflection of the amount of work expended by plaintiff's lawyers.

Title 42 U.S.C. § 3612(c) provides:

"The court may grant as relief, as it deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order, and may award to the plaintiff actual damages and not more than $1,000 punitive damages, together with court costs and reasonable attorney fees in the case of a prevailing plaintiff: *Provided,* That the said plaintiff in the opinion of the court is not financially able to assume said attorney's fees."

A reading of the statute shows that an award of counsel fees is in the discretion of the trial court with the qualifications that it be *reasonable* and that the plaintiff be *financially unable* to assume said fees.

In a suit to enjoin racial discrimination at eating establishments, the Supreme Court found:

"If successful plaintiffs were routinely forced to bear their own attorneys' fees, few aggrieved parties would be in a position to advance the public interest by invoking the injunctive powers of the federal courts. Congress therefore enacted the provision for counsel fees—not simply to penalize litigants who deliberately advance arguments they know to be untenable but, more broadly, to encourage individuals injured by racial discrimination to seek judicial relief under Title II."

Newman v. Piggie Park Enterprises, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968).

This rationale was followed by the Fourth Circuit when it allowed counsel fees in two equal employment cases. See Lea v. Cone Mills Corporation, 438 F.2d 86 (1971) and 467 F.2d 277 (1972) ($10,000 not so unreasonably low); Robinson v. Lorillard Corporation, 444 F.2d 791 (1971).

Of course the Supreme Court and the Circuit Court based their decisions partly on the fact that the plaintiffs were entitled to injunctive relief not damages. However, the general counsel fee policy of § 3612 and the suggested policy in Newman v. Piggie Park is to encourage individuals injured by racial discrimination to seek judicial relief. Therefore counsel fees in housing cases have been allowed to remove the burden from the plaintiffs' shoulders in seeking to vindicate a public right. See Steele v. Title Realty Company, 478 F.2d 380 (10th Cir. 1973); Knight v. Auciello, 453 F.2d 852 (1st Cir. 1972); Sanborn v. Wagner 354 F.Supp. 291 (D.Md.1973); Williamson v. Hampton Management Company, 339 F.Supp. 1146 (N.D.Ill.1972).

This Court is of the opinion that public policy demands that counsel fees be awarded in housing discrimination cases so that prejudiced individuals will

not be hesitant in inforcing their rights. However the award must be limited to that amount plaintiff is not financially able to assume. The hours and rate being questioned, a reasonable fee figure must be determined.

In Steele v. Title Realty Co. it was found that $2,450 in counsel fees was excessive in that the cause was a simple statutory action requiring a minimum of time. In Sanborn v. Wagner, a case similar to the one at bar, a $750 fee was awarded although plaintiff expended in excess of 175 hours on the case. It was held:

". . . While the Court does not dispute this accounting, nevertheless the focus is upon the time and effort which would reasonably be required for the prosecution of this type of action. In the non-jury trial of this case which lasted approximately four hours, Plaintiff produced only three witnesses, including the Plaintiff herself, whose testimony, when measured against that of the Defendants' witnesses, merely presented a simple and factually rooted issue of witness credibility. No legal questions arose in the course of the proceedings which, in the opinion of the Court, required any special knowledge of the law. . . . this Court can only base its finding of reasonable attorneys' fees upon the work reflected by the pleadings, trial presentation and the research efforts properly to be inferred from what has actually been presented to the Court. After careful consideration, the Court finds that $750.00 constitutes a reasonable attorney's fee in this case."

In Williamson v. Hampton Management Co. it was found that $750 was reasonable compensation for preparation of the Complaint, trial preparation, three days of trial, and related services. Finally, Knight v. Auciello suggested that the District Court use the schedule in 18 U.S.C. § 3006A without the maximum limitation. ($20 per hour out of court; $30 per hour in court).

This Court feels that the fee schedule in 18 U.S.C. § 3006A(d) is fair and reasonable under the circumstances in this case. This is not to say that plaintiff's attorneys are not experts in their field. However, it must be remembered that they had the guidance of well considered decisions construing the legislation involved, that the issue was not factually complicated, and that the hearings took a minimum of effort.

Plaintiff contends that 196 hours were expended on this case. Defendant questions this, specifically the 33 hour figure for correspondence. This Court finds no unreasonableness in the hours presented except for that for correspondence. A reasonable figure would be 6 hours. The Court will also allow plaintiff 1 hour court-time for the damage hearing on February 25, 1974, and 4 hours for preparation of the Reply Brief. This would result in a total of 174 hours, 20 in court and 154 out of court.

The hours recorded by Ms. Drew, an attorney with the NAACP Legal Defense and Educational Fund, are clearly allowable in determining fees. The importance of such representation is recognized, and it would be burdensome upon a legal assistance program to underwrite the costs of discrimination. See Lea v. Cone Mills, supra; Miller v. Amusement Enterprises, Inc., 426 F.2d 534 (5th Cir. 1970); Clark v. American Marine Corp. 320 F.Supp. 709 (E.D.La. 1970) affirmed 437 F.2d 959 (5th Cir. 1971), where such fees were allowed.

Using the fee schedule in § 3006A and the 174 hours as outlined above, reasonable attorneys' fees for this action would be $3,680.00. However this amount must be limited by the amount the plaintiff is financially able to assume. This Court does not feel plaintiff is financially able to assume all his counsel fees. This is because since the time the suit was brought he has married and returned to graduate school. Nonetheless, in 1969 and for some time

thereafter, plaintiff was employed at Shaw University at a salary of $9,000 or $10,000 per year. (See Stevens Dep. page 4 and plaintiff's Reply Brief filed March 11, 1974). Therefore it is the opinion of this Court that plaintiff would be financially able to assume 50% of the reasonable attorneys' fees to be awarded. 50% of the $3,680 figure arrived at above would be a recovery by the plaintiff from the defendants of $1840.00 in counsel fees. This is a reasonable figure, and appropriate, as based upon the work reflected in the pleadings, trial preparation and presentation, and research efforts.

## II. *Court Costs*

■ Although plaintiff is entitled to court costs under 42 U.S.C. § 3612(c), defendants question the need for his counsel to stay overnight at several of the hearings as well as the costs on appeal. It is noted that plaintiff's attorneys have not included any costs involved in attending the damage hearing in New Bern February 25. This would equalize any controversy. It is also noted that the costs on appeal are assessed by the Fourth Circuit, and although rather high, are attested to by William K. Slate, II, Clerk of the Court of Appeals. Therefore, the amounts prayed for will be allowed, i. e. $1,361.19.

## III. *Out-of-Pocket Expenses*

■ Plaintiff claims out-of-pocket expenses for car trips, phone calls, expenses in contacting an attorney, loss of time from work, and travel from Boston for the trial. The defendants contend that the phone calls and car trips were local, there was no expense in contacting an attorney, and plaintiff was on salary and therefore did not lose wages. The Court agrees with the defendants. The Court is also of the opinion that a defendant should not have to bear a plaintiff's expenses to travel to a trial, especially if the plaintiff has since moved to Boston. No award for out-of-pocket expenses will be made, but the facts will be considered in totaling compensatory damages.

## IV. *Compensatory Damages*

Plaintiff seeks an award of $3,000 for compensatory damages for mental stress, humiliation, and embarrassment resulting from the refusal to rent him an apartment. He cites many cases in which such damages were awarded. The defendants argue that plaintiff has suffered no embarrassment or humiliation because no public information was disseminated. It is further argued that plaintiff suffered no real damages in that he soon found other housing. They refer the Court to page 10 of the transcript where plaintiff said the refusal was "sort of an embarrassing situation."

"Compensatory damages are damages in satisfaction of, or in recompense for, loss or injury sustained. The term covers all loss recoverable as a matter of right and includes all damages (beyond nominal damages) other than punitive or exemplary damages. . . . Courts begin with the assumption that compensatory damages compensate for those pecuniary losses which resulted from the defendant's wrong."

22 Am.Jur.2d § 11.

"Damages for mental suffering are generally regarded as being actual or compensatory in character, and not vindictive or punitive."

22 Am.Jur.2d § 197.

Courts have made awards of compensatory damages for out-of-pocket expenses, mental anguish, humiliation and embarrassment. See Smith v. Sol D. Adler Realty Co., 436 F.2d 344 (7th Cir. 1971) (for loss of civil rights and mental anguish suffered); Steele v. Title Realty Co., supra, where it was held:

"Even though the discrimination here was perpetrated in a courteous manner and was not vindictive or abusive, the right to recover for the humiliation and emotional distress suffered exists nevertheless. . . . the $1,-000 award is not unreasonable."

■ In the instant case this Court finds:

(1) that plaintiff was inconvenienced by the actions of defendants in that he spent considerable extra time in locating an apartment;

(2) that plaintiff incidentally incurred numerous expenses in connection with his rejection and bringing this suit;

(3) that the apartment he finally rented in the Smithdale Apartments was more costly than the one desired at Beckanna, $120 as opposed to $95. (See transcript pp. 9–10, 17);

(4) that plaintiff suffered some mental anguish, humiliation and embarrassment at being rejected for an apartment;

(5) that the trial process, which was necessary to vindicate plaintiff's rights, was embarrassing and humiliating in that matters concerning his personal hygiene were explored. His demeanor during the trial clearly demonstrated the discomfort he felt in being questioned about his personal cleanliness and body odor; and

(6) that as a matter of law plaintiff's civil rights were violated.

Therefore this Court feels a reasonable and fair award to compensate plaintiff for his inconvenience, mental anguish, humiliation, embarrassment, expenses, and deprivation of his constitutional rights is $1,500.00.

## V. *Punitive Damages*

"Exemplary, or punitive, damages are generally defined or described as damages which are given as an enhancement of compensatory damages because of the wanton, reckless, malicious, or oppressive character of the acts complained of. Such damages go beyond the compensatory damages suffered in the case; they are allowed as a punishment of the defendant and as a deterrent to others."

22 Am.Jur.2d § 236.

Plaintiff contends that defendants' rejection was a willful violation of the law and seeks $3,000 in punitive damages. He claims that the Fourth Circuit clearly found a motivation based on race. See Stevens v. Dobs, Inc., 483 F. 2d 82. Defendants argue that the refusal to rent was not motivated by malice, ill will, or a desire to injure plaintiff and that no embarrassing information was related to the public.

■ After reviewing the entire record this Court finds:

(1) that the acts complained of, while certainly not in good taste, were not wanton, reckless, malicious, or oppressive;

(2) that defendants' actions were not motivated by malice, ill will, or a desire to injure plaintiff;

(3) that, similarly to the facts in Steele v. Title Realty Co., supra, the owner of the apartments, Mr. Coggins, did not personally know the plaintiff or intend to exclude him because of his race; and

(4) that punitive damages are not needed as a punishment or deterrent in this case.

Therefore, it is held that punitive damages are not appropriate in this case.

Now therefore, in accordance with the foregoing, it is

Ordered, that plaintiff's motion for damages and counsel fees be, and the same is, hereby allowed, and

Further ordered, that plaintiff recover

$1,840.00 in counsel fees

$1,361.19 for court costs

$1,500.00 for compensatory damages.