558 F.2d 284
 2 Fed. R. Evid. Serv. 721
 Kermit HODGE, and Mrs. Karen Hodge, Individually and on
behalf of all others similarly situated,
Plaintiffs-Appellants-Cross Appellees,
v.
Milton W. SEILER, d/b/a Milton W. Seiler & Associates, et
al., Defendants-Appellees-Cross Appellants.
 No. 75-3439.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 29, 1977.
 
 George M. Strickler, Jr., New Orleans, La., Stuart M. Nelkin, Houston, Tex., for plaintiffs-appellants-cross appellees.
 Judith E. Wolf, Brian K. Landsberg, U. S. Dept. of Justice, App. Sect., Civ. Rights Div., Washington, D. C., for amicus curiae.
 Peter E. Duffy, Jerald L. Album, Metairie, La., for defendants-appellees-cross appellants.
 Richard J. Ganucheau, New Orleans, La., for K. A. Fourroux.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before MORGAN and RONEY, Circuit Judges, and KING*, District Judge.
 RONEY, Circuit Judge:
 
 
 1
 Kermit and Karen Hodge, husband and wife, black and white, were found to have been unlawfully denied an apartment rental because of Mr. Hodge's race. Although Mr. Hodge was awarded compensatory and punitive damages by the trial court, he appeals because he was denied attorney's fees and transportation costs from California incurred by him and his wife in order to attend the trial in Louisiana. Mrs. Hodge appeals because she was awarded no damages, even though the court held she suffered unconstitutional discrimination. The defendant apartment owner and apartment manager both cross-appeal claiming an evidentiary error in the admission of an administrative investigative report. We hold that the report was properly admitted, but that Mrs. Hodge was entitled to damages, attorney's fees and costs, and Mr. Hodge was entitled to attorney's fees.
 
 
 2
 The parties also raise a difficult and important question of limitations under the Fair Housing Act, 42 U.S.C.A. §§ 3601 et seq., which we were urged to settle. We find that we should not reach this question, both plaintiffs being entitled to complete relief under 42 U.S.C.A. §§ 1982, 1988.Facts
 
 
 3
 The facts are undisputed. Defendant Seiler, the owner of a 19-apartment complex in Metairie, Louisiana, employed defendant Fourroux to manage the apartments. Seiler took no active part in the leasing of apartments. Fourroux received 6% of the rental income as compensation but delegated the responsibility for showing apartments to prospective tenants to one of the tenants at the complex, a Mrs. Soldani, who received $50 for each apartment eventually rented. The ultimate rental decisions were made by Fourroux.
 
 
 4
 In August 1972 Mrs. Hodge, who is white, visited the defendant's apartments in response to a newspaper ad. She was shown several apartments by Mrs. Soldani and told that they were immediately available. Mrs. Hodge did not sign a lease at that point, however, because she wanted her husband to look at the apartment. When Mr. and Mrs. Hodge returned two days later they were told that all the apartments were rented. Mr. Hodge is black. The Hodges were told they could fill out a rental application, which they did. Mrs. Soldani told them that she would call them if an apartment opened up, and that they were first on the waiting list.
 
 
 5
 Mrs. Hodge called frequently during the next few weeks to inquire about an apartment and each time was informed that none was vacant. Their suspicions justifiably aroused, Mr. Hodge called Mrs. Soldani and, without identifying himself, requested an apartment for September 1, 1972, the desired date of occupancy given on the Hodges' rental application. He was told there was an apartment available on that date, and he should come to the complex immediately to place a deposit. A few minutes later Mrs. Hodge called, and after being told that no apartments were available, demanded to know why her husband had received the opposite information. At this point, in the words of the district court, "Mrs. Soldani began to cry and . . . further stated that she had taken up their application personally with the manager who told her not to rent to blacks."
 
 
 6
 Within a month after this incident the plaintiffs filed a complaint with the Department of Housing and Urban Development (HUD) under the Fair Housing Act, 42 U.S.C.A. § 3610. About a year after the incident, plaintiffs received word from HUD that the agency had been unable to resolve their complaint. Within 30 days the plaintiffs then filed this suit under the Fair Housing Act and 42 U.S.C.A. § 1982.
 
 
 7
 The district court determined that the plaintiffs had demonstrated grounds for relief under 42 U.S.C.A. § 1982 against Fourroux and that Seiler was vicariously liable because of Fourroux's actions. That statute provides:
 
 
 8
 All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.
 
 
 9
 42 U.S.C.A. § 1982. The court awarded Mr. Hodge $500 compensatory damages against both defendants, jointly and severally, and $500 punitive damages against Fourroux.
 
 Attorney's Fees
 
 10
 The district court refused to award plaintiffs any attorney's fees, because there was no explicit statutory authorization for such award at the time of trial.
 
 
 11
 After this case was tried, however, Congress amended 42 U.S.C.A. § 1988 to provide:
 
 
 12
 In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of (title 42) . . . the court in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs.
 
 
 13
 This Court has held these new provisions of § 1988 to be retroactively applicable to all cases pending on the date of enactment. Rainey v. Jackson State College, 551 F.2d 672 (5th Cir. 1977). There is little question as to the correctness of that conclusion. See Bradley v. School Board of the City of Richmond, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974); Ferguson v. Winn Parish Police Jury, 528 F.2d 592 (5th Cir. 1976); H.R.Rep. No. 1558, 94th Cong., 2d Sess. 4 n.6. In any event, prior panel decisions of this Court may not be disturbed except upon reconsideration en banc. Puckett v. Commissioner of Internal Revenue, 522 F.2d 1385 (5th Cir. 1975).
 
 
 14
 A remand is thus necessary to allow the district court to make a determination as to attorney's fees in the light of this new statute. In making that determination, the trial court should also consider services expended on plaintiffs' behalf during this appeal.
 
 Transportation Costs
 
 15
 Before trial Hodge was transferred to Texas and ultimately took a job in California. Thus in order to testify at trial the plaintiffs incurred $750 for air fare from California to New Orleans and return. Relying on Stevens v. Dobs, Inc., 373 F.Supp. 618 (E.D.N.C.1974), the district court declined to include this amount in the award of costs. In Stevens, a housing discrimination case, the district court was "of the opinion that a defendant should not have to bear a plaintiff's expense to travel to a trial, especially if the plaintiff has since moved . . . ." 373 F.Supp. at 622.
 
 
 16
 Expenses incurred in traveling to the place of trial are in the nature of costs. Under Fed.R.Civ.P. 54(d) "costs shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." The statutory provision governing costs is 28 U.S.C.A. § 1920, which is worded in permissive form and itemizes various elements which may be included in an award of costs. Thus while an award of costs to a prevailing party is usual, the inclusion of various items within that award is within the discretion of the trial judge. Although "(f)ees and disbursements for . . . witnesses" are mentioned in this statute, the travel expenses of a party to the lawsuit are not included in the § 1920 list. As the Supreme Court has observed, "the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute." Farmer v. Arabian American Oil Co., 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964).
 
 
 17
 The denial of this element of costs may thus only be upset for abuse of discretion, with the preferred exercise of discretion being to exclude from an award of costs those items not specifically mentioned in the statute. We note also the general rule that "(t)he expenses of witnesses who are themselves parties normally are not taxable." Wright & Miller, Federal Practice and Procedure: Civil § 2678 p. 229.
 
 
 18
 Considering these principles, we are constrained to hold that the trial judge's decision not to award the plaintiffs their transportation costs was not an abuse of discretion. We do not mean to indicate such an award would be reversed in this Court if made in the district court. The Court is not unaware of the strong policies which lie behind remedial civil rights legislation, and the need to ensure that those who defend their rights are not financially penalized. Nonetheless, given the state of the law we cannot say that the district court acted improperly.
 
 Mrs. Hodge's Damages
 
 19
 During the trial Mrs. Hodge testified that she was not upset when she learned of the defendants' discriminatory motive in refusing her housing because she was aware at that time that she had a legal remedy. Based on this testimony the district court ruled she suffered no injury. The court therefore dismissed her complaint at her cost, and awarded her no damages.
 
 
 20
 The denial of damages to Mrs. Hodge was inappropriate. Plaintiffs concede that her testimony negates any entitlement to an award for emotional distress, but argue that the deprivation of a constitutional right carries with it damages distinct from those which are embodied in the concept of humiliation and which deserve compensation.
 
 
 21
 It was recognized as long ago as 1919 that damage could be presumed from the denial of a constitutional right. In discussing the right to vote, the Eighth Circuit stated "(i)n the eyes of the law this right is so valuable that damages are presumed from the wrongful deprivation of it without evidence of actual loss of money, property, or any other valuable thing . . . ." Wayne v. Venable, 260 F. 64, 66 (8th Cir. 1919). See also Hostrop v. Board of Junior College District No. 515, 523 F.2d 569, 579 (7th Cir. 1975), cert. denied, 425 U.S. 963, 96 S.Ct. 1748, 48 L.Ed.2d 208 (1976); McNeil v. P-N & S, Inc., 372 F.Supp. 658 (N.D.Ga.1973). The fact that Mrs. Hodge is white would not deprive her of a cause of action under § 1982. McDonald v. Santa Fe Trail Transportation Co., 427 U.S. 273, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976).
 
 
 22
 Having demonstrated that she was the victim of discrimination which has been described as among the "badges and incidents of slavery," Jones v. Alfred H. Mayer Co., 392 U.S. 409, 441, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968), it was error for the district court to decline to award Mrs. Hodge at least nominal damages. It follows that, to the extent that Fourroux was guilty of conduct which warranted an award of punitive damages in favor of Mr. Hodge, Mrs. Hodge should similarly be considered for such an award.
 
 
 23
 On remand the trial court is to determine the amount of damages, costs and attorney's fees to be awarded to Mrs. Hodge.
 
 Admissibility of the Agency Report
 
 24
 During the trial a memorandum prepared by the HUD investigator handling the Hodges' case was admitted into evidence over defendants' objections. The memorandum, which is captioned "Final Investigation Report," is a page and a half in length and recites in narrative form the facts as found by the investigator. The defendants objected to the introduction of the HUD report and have taken this cross-appeal.
 
 
 25
 In evaluating the contention that the report was inadmissible hearsay, both parties direct our attention to Smith v. Universal Services, Inc., 454 F.2d 154 (5th Cir. 1972). In that employment discrimination case an EEOC report had been admitted in evidence. In rejecting a hearsay challenge to the report the Court held it admissible under the Federal Business Records Act, 28 U.S.C.A. § 1732. The defendants point to the language in that opinion that "(a)s long as this type of investigation is not . . . compiled for purposes of litigation only, it is thus admissible." They argue that the HUD report was a prerequisite to the filing of the Fair Housing Act claim and was thus prepared for litigation, and lacks sufficient trustworthiness.
 
 
 26
 This argument was rejected by the Court in Universal Services. The function of the EEOC report in the employment discrimination field is very similar to that of a HUD report in the housing discrimination field. As the Court stated:
 
 
 27
 The report involved in the instant case was prepared by an investigator for the EEOC, pursuant to its statutory mandate, and was not prepared in anticipation of litigation. The Commission is not a party to the litigation and can have no interest therein. The investigator had no personal involvement in the situation. There is no reason to suspect any lack of trustworthiness.
 
 
 28
 454 F.2d at 158. This analysis is controlling in the instant situation, particularly since the report here was prepared in the course of HUD conciliation efforts.
 
 
 29
 Although the trial in this case occurred about two months prior to the effective date of the new Federal Rules of Evidence, it is also worthy of note that Rule 803(8) makes such reports admissible.
 
 
 30
 Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . (C) in civil actions and proceedings . . . factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness (are admissible).
 
 
 31
 Defendants have suggested no reason why Universal Services should be interpreted to bar the admission of HUD investigatory reports for suits prior to the effective date of the Federal Rules of Evidence when such reports will clearly be admissible after that date. Since in this case the contents of the report were cumulative of other evidence, there was clearly no error in receiving it in evidence.
 
 Housing Act Statute of Limitations
 
 32
 The parties have posed an intricate question of statutory interpretation concerning when suit must be commenced under section 810 of the Fair Housing Act, 42 U.S.C.A. § 3610.
 
 
 33
 At the trial the plaintiffs' claims against both Seiler and Fourroux under 42 U.S.C.A. § 3612 (the direct civil action provision of the Fair Housing Act) were dismissed because the complaint was not filed within 180 days of the discriminatory practice as required by that section. The plaintiffs do not challenge that dismissal. Their claim under 42 U.S.C.A. § 3610 (the post-HUD-conciliation-attempt civil action) against Seiler was dismissed because he had not been named in the complaint filed with HUD. Plaintiffs do not contest this decision.
 
 
 34
 Plaintiffs do contest, however, the dismissal of their § 3610 claim against Fourroux. This dismissal was based on the district court's view that the § 3612 provision requiring suits to be filed within 180 days of the discriminatory act also applied to § 3610 actions. The plaintiffs challenge this construction of the statute. Plaintiffs contend that persons who have filed with HUD may begin a civil suit up to 30 days after receipt of a letter from HUD informing them that conciliation has been unsuccessful, regardless of how long the agency action has been pending. See Logan v. Richard E. Carmack & Associates, 368 F.Supp. 121 (E.D.Tenn.1973); Brown v. Ballas, 331 F.Supp. 1033 (N.D.Tex.1971). Still other courts have held that the scheme created by the statute requires a filing with the Secretary of HUD within 180 days of the alleged discrimination, with the time for beginning a subsequent civil suit expiring 60 days after the filing of the complaint with HUD. Tatum v. Myrick, 425 F.Supp. 809 (M.D.Fla.1977); Sumlin v. Brown, 420 F.Supp. 78 (N.D.Fla.1976); Brown v. Blake & Bane, Inc., 402 F.Supp. 621 (E.D.Va.1975); Young v. AAA Realty Company of Greensboro, Inc., 350 F.Supp. 1382 (M.D.N.C.1972).
 
 
 35
 At the time this lawsuit was tried the sole difference in this case between a successful suit under the Fair Housing Act and one under 42 U.S.C.A. § 1982 was the ease with which an award of attorney's fees might be obtained. With the recent amendments to 42 U.S.C.A. § 1988, which permit attorney's fees in § 1982 suits, this difference no longer exists. All relief to which the plaintiffs in this case may be entitled can be afforded under § 1982. This Court thus declines to reach the difficult issues posed by an interpretation of § 3610. This course is particularly appropriate in light of the fact that Fourroux, the sole defendant against whom a § 3610 cause of action might lie, has not filed a brief in this Court. Where the controversy can have no effect on the relief to be granted to the prevailing party and where there is insufficient advocacy on both sides of a question to assist the Court, the prudent course is to leave the question for another day when its resolution will make some difference between adversaries then before the Court.
 
 Summary
 
 36
 The district court properly admitted the HUD report in evidence. There is no reason to disturb its finding of liability under 42 U.S.C.A. § 1982. The decision to deny an award of transportation costs to the plaintiffs is affirmed. The denial of attorney's fees is reversed in light of the new statute governing that subject. The denial of damages, costs and attorney's fees to Mrs. Hodge is also reversed. The district court's decision concerning the proper limitations period under 42 U.S.C.A. § 3610 is vacated, and shall have no precedential effect.
 
 
 37
 AFFIRMED IN PART, VACATED IN PART, REVERSED IN PART AND REMANDED.
 
 
 
 *
 District Judge of the Southern District of Florida sitting by designation