IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33184-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RODOLFO TOLENTINO-CUEVAS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, C.J. — After a bench trial, the trial court found Rodolfo Tolentino-Cuevas guilty of alien in possession of a firearm. On appeal, Tolentino-Cuevas challenges the constitutional sufficiency of the State's charging document for the count of alien in possession. He argues that the information did not contain the essential elements of the charge and, he seeks reversal of his conviction. The State concedes error. We accept the State's concession and reverse the conviction without prejudice to refile the charge.

## FACTS

On September 13, 2014, Rodolfo Tolentino-Cuevas, after drinking beer, drove to his girlfriend Elsie's house, where he lived at the time. Upon arriving at the home, Tolentino-Cuevas argued with Elsie. He grabbed his tools for work and his .40 caliber handgun and returned to his truck. Elsie's daughter, Abigail, and her boyfriend, Jose Llamas, simultaneously arrived at the home.

Jose Llamas entered Rodolfo Tolentino-Cuevas' truck to retrieve Abigail's purse. Tolentino-Cuevas, upset that Llamas had not asked permission to enter the truck, pulled his handgun. Llamas does not know if Tolentino-Cuevas pointed the weapon at him. Tolentino-Cuevas denied aiming the gun at anyone. Elsie instructed her daughter to call the police, while Tolentino-Cuevas drove away. Shortly thereafter police officers stopped Tolentino-Cuevas.

Officer Wayne Meyer retrieved Rodolfo Tolentino-Cuevas' .40 caliber handgun from a work boot in the bed of Tolentino-Cuevas' truck. Tolentino-Cuevas told another officer that he resided in the United States illegally. The officer smelled alcohol on Tolentino-Cuevas and saw that his eyes were bloodshot and watery. Tolentino-Cuevas admitted to consuming three or four beers.

## PROCEDURE

The State of Washington charged Rodolfo Tolentino-Cuevas with alien in possession of a firearm, aiming a deadly weapon, and driving under the influence. The

2

sole issue on appeal surrounds the sufficiency of the charge for alien in possession of a

firearm. The information alleged:

> That the said RODOLFO TOLENTINO-CUEVAS, in the County of Benton, State of Washington, on or about the 13th day of September, 2014, in violation of RCW 9.41.171, was not a citizen of the United States and did carry or possess a firearm, to wit: a .40 caliber hand gun without having obtained a license pursuant to RCW 9.41.173, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Washington.

Clerk's Papers at 12.

During a CrR 3.5 hearing, Rodolfo Tolentino-Cuevas stipulated that he was not a

United States citizen or a lawful permanent resident. At the subsequent bench trial,

Tolentino-Cuevas testified that he was not a citizen and that he did not possess a visa or

firearm license. The trial court found Tolentino-Cuevas guilty of alien in possession of a

firearm and driving under the influence and not guilty of aiming a firearm or deadly

weapon. Tolentino-Cuevas appeals only the conviction for alien in possession.

## LAW AND ANALYSIS

Rodolfo Tolentino-Cuevas contends that the trial court erred by convicting him of

alien in possession of a firearm because the charging document omitted one or more

essential elements of the offense found in the statute creating the crime. We first review

principles of notice needed in the charging document, then peruse the criminal statutes at

issue, and finally focus on the language needed to charge an accused with alien in

possession of a firearm.

3

A challenge to the sufficiency of a charging document is a constitutional issue and may be raised for the first time on appeal. *State v. Campbell*, 125 Wn.2d 797, 801, 888 P.2d 1185 (1995). We review the constitutionality of a charging document de novo. *State v. Johnson*, 180 Wn.2d 295, 300, 325 P.3d 135 (2014).

In criminal cases, an accused has a constitutional right to know the charges against him. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22. The State formally gives notice of the charges in the information, also known as the charging document. CrR 2.1(a)(1). The information in the charging document must be "a plain, concise and definite statement of the essential facts constituting the offense charged." CrR 2.1(a)(1). The charging document must be written in a manner that enables a person of common understanding to know what is intended. RCW 10.37.050(6).

The purpose behind the constitutional provisions and the court rule is to enable the accused to prepare and present a defense. *State v. Bergeron*, 105 Wn.2d 1, 18, 711 P.2d 1000 (1985). Still, a court may hold the charging document insufficient even if the defendant fails to show an inability to present a defense. In this appeal, Rodolfo Tolentino-Cuevas argues that the information failed to allege he was not a permanent resident of the United States, yet he readily admitted he was not a resident.

Under case law, a charging document is constitutionally sufficient when it contains all essential elements of the crime. *State v. Johnson*, 180 Wn.2d at 300. An essential element is an element that is necessary to establish the illegality of the behavior

4

charged. *State v. Johnson*, 180 Wn.2d at 300. Essential elements are the facts that must be proven beyond a reasonable doubt in order to convict the defendant. *State v. Zillyette*, 178 Wn.2d 153, 158, 307 P.3d 712 (2013). It is sufficient to charge in the language of a statute if the statute defines the offense with certainty. *State v. Elliott*, 114 Wn.2d 6, 13, 785 P.2d 440 (1990). Even missing elements may be implied if the language supports such a result. *State v. Hopper*, 118 Wn.2d 151, 156, 822 P.2d 775 (1992).

Rodolfo Tolentino-Cuevas did not challenge, before the trial court, the sufficiency of the State's charging instrument. If the defendant challenges the sufficiency of the information for the first time on review, the appellate court is less likely to overturn the conviction. If a charging document is challenged for the first time on review, it will be construed liberally and will be found sufficient if the necessary elements appear in any form, or by fair construction may be found, on the face of the document. *State v. Kjorsvik*, 117 Wn.2d 93, 104-05, 812 P.2d 86 (1991); *State v. McCarty*, 140 Wn.2d 420, 425, 998 P.2d 296 (2000). We do not consider a liberal construction important to the outcome of this appeal.

The Washington Supreme Court has adopted this liberal rule because otherwise the defendant lacks an incentive to timely challenge the sufficiency of the information. *State v. Kjorsvik*, 117 Wn.2d at 103. The defendant, despite recognizing a defect in the pleading, will refuse to raise the defect before trial with the knowledge that the State will successfully amend the information to cure the defect. *State v. Kjorsvik*, 117 Wn.2d at

103.

The Washington Supreme Court has adopted the United States Supreme Court's standard, found in *Hagner v. United States*, 285 U.S. 427, 433, 52 S. Ct. 417, 76 L. Ed. 861 (1932), for reviewing the sufficiency of the charging instrument when the defendant did not challenge the sufficiency at trial. *State v. Kjorsvik*, 117 Wn.2d at 104 (1991). After drawing from several other federal cases, our high court condensed the *Hagner* standard into a succinct, two-prong analysis:

> (1) do the necessary facts appear in any form, or by fair construction can they be found, in the charging document; and, if so, (2) can the defendant show that he or she was nonetheless actually prejudiced by the inartful language which caused a lack of notice?

*State v. Kjorsvik*, 117 Wn.2d at 105-06. The first prong permits the reviewing court to fairly infer a missing element from the charging document's language. *State v. Zillyette*, 178 Wn.2d at 161 (2013). The second prong affords an added layer of protection to a defendant even when the issue is first raised after verdict or on appeal. *State v. Kjorsvik*, 117 Wn.2d at 106.

If the essential elements of the offense are neither express nor implied, the court will presume prejudice against the defendant and will reverse the conviction without reaching the actual question of prejudice. *State v. McCarty*, 140 Wn.2d at 425 (2000). If a court finds all essential elements in the information, the court will still reverse the conviction if the defendant shows actual prejudice as the result of inartful pleading. *State*

*v. Campbell*, 125 Wn.2d at 802 (1995). This standard balances the accused's interest in receiving proper and timely notice of the accusation and the State's interest in affirming otherwise valid convictions. *State v. Kjorsvik*, 117 Wn.2d at 108.

One might conclude that the State's information filed against Rodolfo Tolentino-Cuevas sufficed since the information alleged that Tolentino-Cuevas violated RCW 9.41.171 and Tolentino-Cuevas could review the statute to discern all of the elements of or defenses to the crime. Nevertheless, the mere recitation of a numeral code section and the title of the offense does not satisfy the essential elements rule. *City of Auburn v. Brooke*, 119 Wn.2d 623, 627, 836 P.2d 212 (1992).

We now review the elements of alien in possession of a firearm to determine if the information filed against Rodolfo Tolentino-Cuevas contains the necessary elements of the crime and survives constitutional challenge. RCW 9.41.171 creates the crime of alien in possession and reads:

> It is a class C felony for any person who is not a citizen of the United States to carry or possess any firearm, unless the person: (1) [i]s a lawful permanent resident; (2) has obtained a valid alien firearm license pursuant to RCW 9.41.173; or (3) meets the requirements of RCW 9.41.175.

RCW 9.41.175, in turn, provides in relevant part:

> (1) A nonimmigrant alien, who is not a resident of Washington or a citizen of Canada, may carry or possess any firearm without having first obtained an alien firearm license if the nonimmigrant alien possesses:
> (a) A valid passport and visa showing he or she is in the country legally;

7

(b) If required under federal law, an approved United States department of justice ATF-6 NIA application and permit for temporary importation of firearms and ammunition by nonimmigrant aliens; and

(c)(i) A valid hunting license issued by a state or territory of the United States; or

(ii) An invitation to participate in a trade show or sport shooting event being conducted in this state, another state, or another country that is contiguous with this state.

The State's charging document alleged Rodolfo Tolentino-Cuevas was not a citizen of the United States and lacked a license to carry a gun under RCW 9.41.173. The information lacked an allegation that Tolentino-Cuevas was not a lawful resident of this nation. The information omitted any contention that Tolentino-Cuevas did not meet the requirements of RCW 9.41.175 and failed to mention any of the possible scenarios found in RCW 9.41.175, under which an alien may extricate himself from the crime of alien in possession of a firearm.

Rodolfo Tolentino-Cuevas argues that the information filed against him fails for two reasons: (1) the charging instrument omitted any allegation that he was not a lawful resident, and (2) the information failed to allege that Tolentino-Cuevas did not meet any of the requirements of RCW 9.41.175. The State argues that the three enumerated conditions in RCW 9.41.171 are akin to affirmative defenses and the first segment of the statute lists all essential elements. Under the State's theory, the phrase "unless the person," which follows the first locution in the statute, implies that the three optional provisos are defenses to be proved by the accused. Therefore, according to the State, it

need not plead any language beyond stating the defendant is not a citizen and carried a firearm.

Despite the State's argument, the State concedes that, for equal protection purposes, it must treat a lawful permanent resident the same as a citizen. *See State v. Ibrahim*, 164 Wn. App. 503, 513, 269 P.3d 292 (2011). Therefore, the State agrees it must allege in the information that the accused is not a lawful permanent resident. We accept this concession and reverse the conviction of Rodolfo Tolentino-Cuevas.

By granting the State's concession and reversing the conviction without prejudice, we afford Rodolfo Tolentino-Cuevas the entire relief he seeks. Therefore, we need not determine whether the constitution demands that the State plead that the defendant fails to meet the requirements of RCW 9.41.175, or include language from the statute, in an information charging the accused with the crime of alien in possession of a firearm. Because we consider the question a difficult one, we decline to address the issue until necessary. *Hodge v. Seiler*, 558 F.2d 284, 289 (5th Cir. 1977). Judicial restraint dictates that, when resolution of an issue effectively disposes of a case, we should not reach any other issues, particularly constitutional issues. *Wash. State Farm Bureau Fed'n v. Gregoire*, 162 Wn.2d 284, 307, 174 P.3d 1142 (2007); *Gersema v. Allstate Ins. Co.*, 127 Wn. App. 687, 697, 112 P.3d 552 (2005).

No. 33184-9-III
*State v. Tolentino-Cuevas*

CONCLUSION

We reverse the conviction of Rodolfo Tolentino-Cuevas for alien in possession of

a firearm and dismiss the charges without prejudice.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Lawrence-Berrey, J.

10