**George Robert HARRIS**

v.

**ORKIN EXTERMINATING CO., Inc.**
**Civ. A. No. 11364.**

United States District Court
N. D. Georgia,
Atlanta Division.
Jan. 31, 1968.

Adair, Goldthwaite, Stanford & Daniel, Atlanta, Ga., for plaintiff.

Kaler, Karesh & Rubin, Atlanta, Ga., Fisher & Phillips, Atlanta, Ga., for defendant.

LEWIS R. MORGAN, Circuit Judge.

The defendant in the above-styled action has filed a motion to dismiss on the basis that the plaintiff's suit is untimely. The plaintiff's action is brought pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e–2.

The basis for the defendant's motion is the fact that, though the plaintiff made a timely complaint to the Equal Employment Opportunity Commission (EEOC) pursuant to 42 U.S.C. § 2000e–5(d) and though he filed his complaint with this Court within thirty days after receipt of a "notice of right to sue" letter in accordance with 42 U.S.C. § 2000e–5(e), the Commission kept the complaint under advisement and sought conciliation for a period of time in excess of sixty days.

It should be made clear that the defendant does not maintain that the plaintiff filed an untimely complaint with the E.E.O.C. or that he failed to carry his complaint to this Court within thirty days after receipt of the letter issued pursuant to 42 U.S.C. § 2000e–5(e) notifying him of his right to sue within thirty days. The sole basis for the defendant's motion is that the E.E.O.C. kept the complaint for more than sixty days in violation of 42 U.S.C. § 2000e–5(e).

■ The Court cannot accept the defendant's position. The defendant would have the Court close its doors to the plaintiff on the basis that the federal agency which was created to help expedite resolution to problems such as those allegedly encountered by the plaintiff was not diligent in protecting the rights given to the plaintiff.

■ Title 42 U.S.C. § 2000e–5(e), upon which the defendant relies, states:

"(e) If within thirty days after a charge is filed with the Commission * * * (except that * * * such period may be extended to not more than sixty days upon a determination by the Commission that further efforts to secure voluntary compliance are warranted), the Commission has been unable to obtain voluntary compliance * * * the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent * * *."

Common sense, legislative history and reasonable legal interpretation make it clear that the thirty- and sixty-day provisions were implemented for the benefit of the plaintiff, not to close the door on rights given by the same Title. It should be clear that the time provisions regarding the period for which the agency is to seek a solution are directory in nature and should not be used to eradicate an otherwise possibly valid cause of action.

The Court is aware that its decision is in direct conflict with Cunningham v. Litton Industries, F.S. (1967) (Cent.D. Calif.); however, the Court must concur with the determination in Dent v. St. Louis-San Francisco Railway Co., 265 F.Supp. 56 (1967) (N.D.Ala.) that the provision of 42 U.S.C. § 2000e–5(e)

dealing with the time the Commission is to keep the complaint before it is directory in nature and, consequently, does not block the right of an individual to his day in Court.

Therefore, the defendant's motion to dismiss is denied. The defendant's motion to strike the decision of the E.E.O.C. is granted.

It is so ordered.