**Mrs. Ezella M. BROWN, Plaintiff,**

v.

**Victor BALLAS and Jess Radney, Defendants.**

**Civ. A. No. CA 3–3886–C.**

United States District Court,
N. D. Texas,
Dallas Division.
June 9, 1971.

---

Mullinax, Wells, Mauzy & Collins, by James C. Barber, Dallas, Tex., for plaintiff.

Hines, Lair & Dollinger, by Sol Ballas, Dallas, Tex., for defendants.

## MEMORANDUM OPINION

WILLIAM M. TAYLOR, Jr., District Judge.

This action involves racial discrimination in the renting and leasing of residential property. The plaintiff, a Negro, brings this class action under the Fair Housing Act, 42 U.S.C. §§ 3601–3619, and the Civil Rights Act of 1875, 42 U.S.C. § 1982.

The Court finds the following facts. On December 2, 1969, an ad in the Dallas Morning News stated: "Seven-room house, 3340 Merrifield, $115.00 month, $50.00 deposit required. Contact Jess Radney." The ad gave an erroneous address and was intended to refer to a house at 3239 Merrifield. Both houses, 3239 and 3340, were owned by the defendant, Victor Ballas. The next day, Mrs. Mary Porter of the Greater Dallas Housing Opportunity Center called and spoke with a person at the number listed in the ad and was told that the house would be available the next day and that the key could be picked up at the Cost Plus Liquor Store at 3315 Merrifield. The plaintiff was taken to the liquor store the next day by Mrs. Mary Truhill, a volunteer worker with the Greater Dallas Housing Opportunity Center. The plaintiff entered the store and asked the defendant, Jess Radney, about renting the house but was told by Radney that the house had been rented and that the man who rented it had gone for the money. Shortly thereafter, Mrs. Helen Blaw, a member of the Board of Directors of the Greater Dallas Housing Opportunity Center, having been informed that the plaintiff had been refused the house, possibly because of her race, called the listed number and was told that the house had not been rented and that it would be available.

On January 16, 1970, the plaintiff filed a complaint with the Secretary of Housing and Urban Development (HUD). On April 10, a reconciliation conference was held but was terminated without any success. This action was filed in this Court on June 3, 1970.

## THE FAIR HOUSING ACT

■ The plaintiff's cause of action is barred by the limitations set forth in the Fair Housing Act, 42 U.S.C. § 3612. Under § 3612, "A civil action shall be commenced within one hundred and eighty days after the alleged discriminatory housing practice occurred * * *." Here the discriminatory act took place on December 4, 1969 and suit was filed on June 30, 1970. According to the Court's count, the suit was filed on the one hundred and eighty first day after the discriminatory practice occurred; therefore, the suit was not timely brought under § 3612.

Under § 3610(d), suit must be brought within thirty days after the complaint has been filed with the secretary or within thirty days after any period of reference under subsection (c), the secretary has been unable to obtain voluntary compliance, the aggrieved person may, within thirty days thereafter, commence a civil action. The evidence in this case has shown that on January 16, 1970 the plaintiff filed a complaint with HUD. On April 10, 1970 a reconciliation conference was held without success. Plaintiff filed suit on June 3, 1970, fifty four days after HUD had

terminated efforts to obtain voluntary compliance.

There is an unanswered question as to when the plaintiff was given notice that efforts to seek a voluntary compromise were terminated. The defendants point to Plaintiff's Exhibit No. 4, a log maintained by HUD, which says,

> "4/10 HUD people came in to say conciliation had failed. They consider her case one of the strongest they have had and urge suit. Ezella quite willing to sue. HUD files open to attorney—L. N. Wells will take case. (741–4056)."

There has been no testimony offered or evidence presented as to what type of notice was given the plaintiff, who gave it to her, and when it was given. All this log mentions is that apparently she was quite willing to bring suit. A HUD regulation adopted to aid the agency in performing its duties under § 3610 states:

> "§ 71.33 Inability to obtain voluntary compliance * * * or should the Secretary find for any other reason that voluntary agreement is not likely to result, the Secretary may terminate his efforts to conciliate the dispute. In such event, the parties shall be notified promptly, in writing, that such efforts have been unsuccessful and will not be resumed. * * *" 34 Fed.Reg. 135 (1969).

■ For the defense of limitations, the Court is of the opinion that the burden was on the defendants to show that this notice had been given. The thirty days allotted plaintiff to bring suit under § 3610(d) begins from the time the required notice has been given. Cf. Miller v. International Paper Co., 408 F.2d 283, 387 n. 18 (5th Cir. 1969). The plaintiff will not be penalized because the agency conducting the administrative inquiry has failed to terminate its inquiry within the statutory limits or because it has failed to notify the plaintiff of their action. Cf. Harris v. Orkin Exterminating Co., 293 F.Supp. 104, 105 (N.D.Ga.1968).

Because the plaintiff has properly brought her action under § 3610, the Court must now address itself to the remedies provided for under that section. It states, in part,

> * * * the court may, subject to the provisions of section 3612 of this title, enjoin the respondent from engaging in such practice or order such affirmative action as may be appropriate.

■ An injunction will be entered against the defendants from discriminating against plaintiff and the members of the class she represents on account of their race. Plaintiff has not suggested any other affirmative relief but does seek damages. The Court, however, does not construe the "affirmative action" under § 3610(d) to include damages. The relief available under § 3612(c) includes,

> "* * * any permanent or temporary injunction, temporary restraining order, or other order, and may award to the plaintiff actual damages and not more than $1,000 punitive damages, together with court costs and reasonable attorney fees in the case of a prevailing plaintiff: Provided, That the said plaintiff in the opinion of the court is not financially able to assume said attorney's fees."

Congress specifically included damages as a remedy under § 3612. It appears to the Court that if Congress intended to include damages as a remedy under § 3610, it would have specifically set them out as it did in § 3612. The phrase "subject to the provisions of section 3612" apparently refers to the provisions in that section protecting bona fide purchasers. Note, Discrimination in Employment and in Housing: Private Enforcement Provisions of the Civil Rights Acts of 1964 and 1968, 82 Harv. L.Rev. 834, 861 (1969).

## THE CIVIL RIGHTS ACT OF 1866

It is clear that 42 U.S.C. § 1982 bars both public and private racial discrimination and that an action can be brought under it for racial discrimination in the rental of residential property. Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968). Under her § 1982 cause of action, the plaintiff does not encounter the limitation problem she did under the Fair Housing Act. Under the Rules of Decision Act, 28 U.S.C. § 1652, the federal courts must apply state statutes of limitations to federal causes of action in the absence of a special provision by Congress. Baker v. F & F Investment, 420 F.2d 1191, 1194 (7th Cir. 1970), cert. denied 400 U.S. 821, 91 S.Ct. 42, 27 L.Ed.2d 49. The action *sub judice* was brought well within all of Texas Statutes of Limitation. Vernon's Ann.Tex. Civ.Stat. arts. 5524, 5526, and 5527 (1958).

## DAMAGES

Plaintiff has prayed for actual and punitive damages and reasonable attorney's fees. The Jones v. Alfred H. Meyer Co. case specifically refrained from deciding whether compensatory damages could be awarded for a violation of § 1982. 392 U.S. at 414, n. 14. However, the Court said in Sullivan v. Little Hunting Park, Inc., 396 U.S. 229, 239, 90 S.Ct. 400, 405, 24 L.Ed.2d 386, 395 (1969):

> The existence of a statutory right implies the existence of all necessary and appropriate remedies * * *

> 'A disregard of the command of the statute is a wrongful act and where it results in damage to one of the class for whose especial benefit the statute was enacted, the right to recover the damages from the party in default is implied * * *.'

Compensatory damages for deprivation of a federal right are governed by federal standards, as provided by Congress in 42 U.S.C. § 1988 * * *.

The case of Lee v. Southern Home Sites Corp., 429 F.2d 290, 294 (5th Cir. 1970) has interpreted the *Sullivan* case as allowing compensatory damages under § 1982. According to § 1988 the Court is authorized to furnish suitable remedies. The Court finds that compensatory damages are a suitable remedy in cases of this type. Once the discrimination has occurred, circumstances may dictate that the plaintiff look for and accept another residence. Once settled in a new dwelling, injunctive or other affirmative relief may not provide an effective remedy. It would be unreasonable to require a plaintiff to uproot again and avail herself of the defendant's property in order to vindicate her rights under § 1982. The defendant, in such cases, should not become the indirect beneficiary of the plaintiff's industry or fortuity. The mere fact that the plaintiff now has a place to rest her head will not eradicate her cause of action. In such cases, compensatory and possibly punitive damages would be the appropriate remedy.

Taking into consideration plaintiff's loss of work and expenses incurred in relocating herself and her family, the Court finds that she is entitled to $750.00 as actual damages. The Court also considers an award of attorney's fees to be appropriate here "* * especially so when one considers that much of the elimination of unlawful racial discrimination necessarily devolves upon private litigants and their attorneys." Lee v. Southern Home Sites Corp., *supra* at 295. Attorney for plaintiff is awarded $500.00. While this may not fully compensate counsel for the amount of work done, the award must be considered in light of the amount of damages awarded to the plaintiff. The Court finds no bad faith or malice and accordingly assesses no punitive damages.

Utilizing the reasoning found in Carr v. Conoco Plastics, Inc., 423 F.2d 57 (5th Cir. 1970) the Court finds this suit to be a proper class action and enjoins the defendants from discriminating against the plaintiff and the class she represents on account of their race in the rental of housing accommodations.

Defendants will be liable for the court costs.