Beatrice L. LOGAN

v.

RICHARD E. CARMACK &
ASSOCIATES.

Civ. A. No. 6853.

United States District Court,
E. D. Tennessee, S. D.

Dec. 26, 1973.

Chambliss, Bahner & Crawford, Chattanooga, Tenn., for plaintiff.

Stophel, Caldwell & Heggie, Chattanooga, Tenn., for defendants.

## ORDER

FRANK W. WILSON, Chief Judge.

This is an action for alleged racial discrimination in the rental of property. The case was heretofore dismissed both for failure of the plaintiff to exhaust administrative remedies and for failure to bring the lawsuit within the time limitations applicable to the various civil rights statutes relied upon. The case is presently before the Court upon the plaintiff's motion to be allowed to amend her complaint so as to enable her to proceed under 42 U.S.C. § 3610 by alleging exhaustion of her adminstrative remedies under that statute. The issue thus presented is whether the complaint, when amended as requested, would nevertheless be barred for failure to meet the time requirements contained within Section 3610. That statute provides in relevant part:

"(a) Any person who claims to have been injured by a discriminatory housing practice . . . may file a complaint with the Secretary . . .

"(b) A complaint under subsection (a) of this section shall be filed within one hundred and eighty days after the alleged discriminatory housing practice occurred . . .

\* \* \* \* \* \*

"(d) if within thirty days after a complaint is filed with the Secretary . . . the Secretary has been unable to obtain voluntary compliance . . . the person aggrieved may, within thirty days thereafter, com-

mence a civil action in any appropriate United States district court . . . ."

In the present case, the alleged discriminatory practice is said to have occurred upon August 13, 1972. The lawsuit was not filed until August 27, 1973, more than one year later. In addition to alleging exhaustion of administrative remedies, the plaintiff seeks to amend her complaint to allege that she did not receive a notice from the Secretary until July 30, 1973, of his inability to resolve her complaint. She then filed her complaint within 30 days of this notice.

It is clear that Section 3610 requires the plaintiff to first seek administrative relief before she becomes eligible to seek judicial relief under that statute. A literal reading of Section 3610(d) would indicate that the complaining party has a maximum of 240 days within which to seek both administrative relief and judicial relief, with the plaintiff having 180 days to apply for administrative relief and being required to seek judicial relief within 60 days after she applied to the Secretary for administrative relief.

There are conflicting decisions upon the limitations issue thus presented. In Brown v. Ballas, 331 F.Supp. 1033 (N.D.Tex.1971), the Court concluded:

"For the defense of limitations, the Court is of the opinion that the burden was on the defendants to show that this notice had been given. The thirty days allotted plaintiff to bring suit under § 3610(d) begins from the time the required notice has been given. *Cf.* Miller v. International Paper Co., 408 F.2d 283, 287, n. 18 (5th Cir. 1969). The plaintiff will not be penalized because the agency conducting the administrative inquiry has failed to terminate its inquiry within the statutory limitation or because it has failed to notify the plaintiff of their action. *Cf.* Harris v. Orkin Exterminating Co., 293 F.Supp. 104, 105 (N. D.Ga.1968)."

An opposite conclusion was reached in the case of Young v. AAA Realty Company of Greensboro, Inc., 350 F.Supp. 1382 (M.D.N.C.1972), the Court there stating, "Hence, plaintiffs herein must have commenced this action on or before the sixtieth day after they filed their charges with H.U.D." In thus concluding, the Court expressly rejected the holding in Brown v. Ballas, reasoning that that decision was mistakenly based upon cases construing the somewhat analogous limitation provisions in the Fair Employment Practices Act [42 U. S.C. § 2000e–5(e)]. In rejecting any analogy between Section 3610(d) and Section 2000e–5(e), the Court makes the following distinction between the two statutes:

"Section 2000e–5(e) includes a requirement that the EEOC notify the complainant if it has been unable to obtain voluntary compliance within thirty days after a charge has been filed with it . . . As previously stated, § 3610 has no such notice requirement . . . ."

It would appear that the Court in the *Young* case was in error in stating that Section 3610 "has no such notice requirement". Rather, it is expressly provided in Section 3610(a): ". . . (W)ithin 30 days after receiving a complaint . . . the Secretary shall investigate the complaint and give notice in writing to the person aggrieved whether he intends to resolve it . . . ."

It would appear that an appropriate analogy does exist between the limitations provisions of the Fair Employment Practices Act [Section 2000e–5(e)] and the Fair Housing Act (Section 3610) and that the cases construing the former statute are persuasive authority in construing the latter statute. In construing the limitations period in the Fair Employment Practices Act, this Court had occasion to state in the case of Jackson v. Cutter Laboratories, Inc.,

338 F.Supp. 882 (E.D.Tenn.1970), as follows:

"This thirty-day period is jurisdictional and may not be extended (citation omitted). However, this thirty-day limitation period does not begin to run until the charging party has received notice from the Commission of its failure to obtain voluntary compliance. *See* Miller v. International Paper Co., 408 F.2d 283 (C.A. 5, 1969) and cases cited therein. In this regard it appears clear that this limitations statute performs a dual role. First, it insures that an aggrieved individual will not file suit until the Commission has had an opportunity to attempt reconciliation. Second, it insures that an aggrieved individual will not be precluded from suit by inaction on the part of the Commission."

Logic and reason would appear to favor an application of the same rationale to the construction of the limitations provisions in Section 3610. When so construed, the irrationality of requiring the plaintiff to proceed simultaneously with administrative and judicial proceedings would be avoided and the plaintiff would not be penalized by administrative delay over which she had no control. When the limitations provisions within Section 3610 are so construed, the plaintiff's complaint, when amended as proposed, would appear to state a cause of action filed within the limitations period.

The plaintiff will accordingly be allowed to file an amendment to her complaint in accordance with her motion to amend, the amendment to be filed within five days of the entry of this order. Upon the complaint being so amended, the order of dismissal heretofore entered will be set aside to the extent of allowing the plaintiff to proceed with her action pursuant to 42 U.S.C. § 3610.

It is so ordered.