The clerk of the Court is directed to prepare and enter the proper order to that effect.

**Leslie D. BROWN et al.**

v.

**BLAKE & BANE, INC.**

**Civ. A. No. 75–0425–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Oct. 21, 1975.

Parker E. Cherry, Richmond, Va., for plaintiffs.

Samuel W. Hixon, III, Richmond, Va., for defendant.

## MEMORANDUM

WARRINER, District Judge.

Plaintiffs bring this action alleging jurisdiction under 42 U.S.C. § 3610. The undisputed facts are that the alleged discriminatory action took place in April of 1974. Within 180 days thereafter a complaint was filed with the Secretary of Housing and Urban Development.[1] The Secretary was unable to obtain voluntary compliance within 30 days after the complaint was filed.[2] Plaintiffs did not, within the 30-day period commencing on the 31st day after the complaint was filed with the Secretary, commence a civil action in this Court.[3] On or about August 1974 defendant received written notice from the Secretary that the complaint had been filed and inviting an answer in response thereto. On 8 August 1975 the Secretary advised plaintiffs she had been unable to achieve a satisfactory result and that she was terminating efforts at an informal resolution. The Secretary further advised the plaintiffs that "you are free to seek court relief under [§ 3610 of the Act]." Within 30 days after receipt of this notice, plaintiffs filed the complaint herein.

Defendant has moved to dismiss the action on the ground that it was not filed within the time period specified by Congress for such suits to be filed. Plaintiff claims the time period specified by Congress is met by filing suit within 30 days after receipt of a "right to sue letter."

Counsel for both parties point to three cases, all decided by district courts, as being the authority on the issue before the Court. They are: *Young v. AAA Realty Company of Greensboro, Inc.*, 350 F.Supp. 1382 (M.D.N.C.1972); *Logan v. Richard E. Carmack & Associates*, 368 F.Supp. 121 (E.D.Tenn.1973); and *Brown v. Ballas*, 331 F.Supp. 1033 (N.D.Texas 1971).

The Court has read these opinions and having considered the disposition made by each judge, is constrained to concur with the reasoning of Chief Judge Gordon in *Young*. This Court sees nothing irrational in a simultaneous proceeding for conciliatory relief along with relief by means of court action. As was pointed out by Chief Judge Gordon, Congress apparently contemplated just such "double teaming."[4] Further, it is clear that Congress intended for the Secretary to give immediate attention to complaints filed with the Secretary and that Congress hoped and expected that many complaints so filed could be conciliated within the brief period of 30 days so a party's real need, housing, could be quickly and nondiscriminatorily obtained.

Congress did not intend, however, for the party who sought such conciliatory settlement to have to wait forever for the Secretary successfully to obtain compliance with the law. § 3610(d) clearly states that if the Secretary has not been successful within 30 days after the complaint is filed with the Secretary, the complaining party need not wait any longer but may then proceed to seek redress through the Courts. It is provided, however, that if the party seeks redress through the courts he must file his action during the period commencing 31 days after the complaint is filed with

1. § 3610(b) A complaint under subsection (a) [of this section] shall be filed within [180] days after the alleged discriminatory housing practice occurred. . . .

2. § 3610(d) If within [30] days after a complaint is filed with the Secretary . . . the Secretary has been unable to obtain voluntary compliance . . . the person aggrieved may, within [30] days thereafter, commence a civil action in any appropriate . . . court. . . .

3. Id.

4. § 3612(a) states, in pertinent part: [T]he court shall ccntinue such civil case brought pursuant to . . . § 3610(d) . . . from time to time before bringing it to trial if the court believes that the conciliation efforts of the Secretary . . . are likely to result in satisfactory settlement. . . .

the Secretary and ending 60 days after such complaint is filed. § 3610(d) is so clear in this regard that any other reading of it would be a willful rewriting of the statute.

Both *Brown* and *Logan* hold that despite this clear language, the Court should analogize the Fair Housing Act (§ 3610) with the Fair Employment Practices Act (§ 2000e–5). Chief Judge Gordon refuted this analogy as follows:

§ 2000e5(e) includes a requirement that the EEOC notify the complainant if it has been unable to obtain voluntary compliance within [30] days after a charge has been filed with it. . . . As previously stated, § 3610 has no such notice requirement. . . .

Chief Judge Wilson in *Logan*, for a rejoinder, points out that § 3610(a) does indeed contain a notice requirement wherein it says:

. . . [W]ithin 30 days after receiving a complaint . . . the Secretary shall investigate the complaint and give notice in writing to the person aggrieved, whether he intends to resolve it. . . .

While a good argument can be made that with language as clear as 3610(d) no incidental mention of a notice should be permitted to vary it, the Court accepts the fact that if there were a notice requirement in the Fair Housing Act corresponding to the notice requirement in the Fair Employment Practices Act, then the conclusions reached in *Brown* and *Logan* would be sound law. But the notice required by § 2000e–5(e) is a notice that the government has tried and failed and thus has terminated its efforts at conciliatory compliance. The notice in 3610(a) is a notice that the government intends to *commence* conciliatory intervention. Thus, notice under the Fair Employment Practices Act carries an import just the opposite of the notice under the Fair Housing Act.

Under such circumstances, this Court does not believe it is required to borrow the Fair Employment Practices Act analogy to vary the clear and unambiguous provisions made by the Congress for the filing of complaints under 3610.

An appropriate order shall issue.

### ORDER

In accordance with and for the reasons set forth in the foregoing memorandum, it is ordered that defendant's motion to dismiss be granted, and this action is dismissed.