Lt. Otis SUMLIN, Jr., and wife, Ruth Chardene Sumlin, Plaintiffs,

v.

James BROWN and wife, Vicky Brown, d/b/a Brown Contractors, Defendants.

M.C.A. No. 76–1.

United States District Court,
N. D. Florida,
Marianna Division.

July 29, 1976.

---

Theodore R. Bowers, Panama City, Fla., for plaintiffs.

Owen N. Powell, Panama City, Fla., for defendants.

## MEMORANDUM OPINION AND ORDER

STAFFORD, District Judge.

Plaintiffs bring this class action pursuant to 42 U.S.C. §§ 1981 and 1982, 42 U.S.C. § 3612, and the Thirteenth Amendment of the United States Constitution. Defendants are charged with discriminating against the named plaintiffs and "all Negro citizens in the Bay County, Florida area" on account of their race, in the rental of residential housing. The case is currently before the Court on defendants' motions to dismiss the class action and to strike portions of the complaint.

I. *Motion to Dismiss.* Defendants have moved to dismiss the class action on the ground that defendants have not opposed the class and have not "refused to act·on grounds generally applicable to the class." Plaintiffs' allegations supporting their request for certification of the class action are simply a recitation of the requirements of Rule 23, Fed.R.Civ.P., and as

such are not particularly helpful; however, sufficient facts emerge from their other allegations to support certification of the class.

Plaintiffs allege that they were refused housing because of their race. Clearly this allegation states that defendants have or will act in the same manner toward other persons of plaintiffs' race. Plaintiffs claim to represent all citizens of their race in Bay County, a class too numerous for joinder to be practicable. The Court finds that the class is more appropriately defined as black citizens of Bay County who may, in the future, seek to obtain rental housing. The Court notes that the named plaintiffs seek only injunctive relief for the class, bringing their demand for money damages solely as individuals. As such, their suit is properly framed. See *Johnson v. Yeilding*, 165 F.Supp. 76 (N.D.Ala. 1958). Defendants have not suggested, nor does the Court find, that plaintiffs cannot adequately protect the interests of the class. Therefore, the requirements of Rule 23 have been met.

The Court of Appeals for the Fifth Circuit has held that "racial discrimination is by definition class discrimination." *Oatis v. Crown Zellerback Corp.*, 398 F.2d 496, 499 (5 Cir. 1968). Suits to enjoin violations of federal statutes prohibiting racial discrimination are generally proper cases for class actions. *Id.*; *Jenkins v. United Gas Corp.*, 400 F.2d 28 (5 Cir. 1968); *Carr v. Conoco Plastics, Inc.*, 423 F.2d 57 (5 Cir. 1970). Defendants' motion to dismiss will be denied.

II. *Motion to Strike.* Defendants have moved to strike all portions of the complaint referring to 42 U.S.C. § 3610 and § 3612, the Fair Housing Act, on the ground that this action was not filed within the time allowed by 42 U.S.C. § 3610(d). That subsection provides, in pertinent part:

(d) If within thirty days after a complaint is filed with the Secretary [of the Department of Housing and Urban Development] . . . The Secretary has been unable to obtain voluntary compliance with this subchapter, the person aggrieved may, within thirty days thereaft-

er, commence a civil action in any appropriate United States district court, against the respondent named in the complaint, to enforce the rights granted or protected by this subchapter, insofar as such rights relate to the subject of the complaint.

The discrimination of which plaintiffs complain is alleged to have occurred in April, 1974. Plaintiffs filed a complaint with the Department of Housing and Urban Development on May 29, 1974. On December 24, 1975 plaintiffs received a letter from the Department which notified them that the Department was terminating efforts to obtain voluntary compliance and further stated that "[a]s of the date you receive this letter, you are free to seek court relief under . . . the Federal Fair Housing Law." Plaintiffs filed this action on January 5, 1976. The issue in this case is whether 42 U.S.C. § 3610(d) requires that an action be filed with the court between the thirty-first and sixtieth days following the filing of the complaint with the Department of Housing and Urban Development, or whether the statute allows an action to be filed within thirty days of receiving notice that HUD has terminated efforts to resolve the dispute.

The issue has been faced in four cases, all decided by district courts. They are *Brown v. Blake and Bane, Inc.*, 402 F.Supp. 621 (E.D.Va. 1975); *Logan v. Richard E. Carmack & Associates*, 368 F.Supp. 121 (E.D.Tenn. 1973); *Young v. AAA Realty Company of Greensboro, Inc.*, 350 F.Supp. 1382 (M.D.N.C. 1972); and *Brown v. Ballas*, 331 F.Supp. 1033 (N.D.Tex. 1971). The plain language of the statute indicates that suit must be brought, if at all, during the period commencing thirty-one days after the complaint is filed with HUD and ending sixty days after the complaint is filed, without waiting for HUD to indicate that it could not obtain voluntary compliance. After considering the above-cited cases, this court is convinced that the statute means just what it says and that this action was not filed within the time limits imposed by 42 U.S.C. § 3610(d).

■ Neither the plaintiffs nor the prior cases suggest any reason why a dispute concerning racial discrimination in housing should not be under the simultaneous jurisdiction of the courts and the Department of Housing and Urban Development. Indeed, it appears that Congress envisioned just such a procedure.[1] Congress provided that a complaint be filed with the Secretary of HUD in the hope that many cases could be settled without the expense and delay of litigation. The Congress did not, however, require that a plaintiff wait indefinitely to find whether the Secretary could—or could not—obtain a voluntary settlement. § 3610(d) allows a plaintiff to seek relief from the court if the Secretary has failed to obtain voluntary compliance within thirty days. Congress may well have intended to allow such commencement of court action to provide an additional incentive for voluntary compliance by defendants. § 3610(d) further provides, however, that the suit must be brought within sixty days after the complaint was filed with HUD. As Judge Warriner stated, "§ 3610(d) is so clear in this regard that any other reading of it would be a willful rewriting of the statute." *Brown v. Blake & Bane, Inc., supra,* at 623.

Two courts have held, however, in *Brown v. Ballas, supra,* and *Logan, supra,* that the thirty-day period in which a plaintiff may file suit begins to run only when the plaintiff receives notice that HUD has failed to obtain voluntary compliance. Both of these decisions analogize § 3610 of the Fair Housing Act to § 2000e–5 of the Fair Employment Practices Act. As Chief Judge Gordon noted:

Section 2000e–5(e) includes a requirement that the EEOC notify the complainant if it has been unable to ·obtain voluntary compliance within thirty days after a charge has been filed with it. Thereafter, the complainant has thirty days in which to file a private court action. . .

As previously stated, § 3610 has no such notice requirement. It follows that the prerequisite to private suits under §§ 2000e–5(e) and 3610(d) are different . . . . .

*Young v. AAA Realty Company of Greensboro, supra,* at 1386.

In rebuttal, Chief Judge Wilson noted that § 3610 does contain a notice requirement.[2] § 3610(a), however, requires only that a complainant be notified whether HUD intends to commence action on his complaint. § 2000e–5(e) requires that notice be given to a complainant when the EEOC has failed to resolve his dispute and is terminating its efforts. Thus, as Judge Warriner remarked, "notice under the Fair Employment Practices Act carries an import just the opposite of the notice under the Fair Housing Act." *Brown v. Blake & Bane, supra,* at 623.

■ The problem with interpreting § 3610 is compounded by the fact that HUD's regulations provide that the time for filing suit commences with receipt by the complainant of notice that HUD has terminated efforts to obtain voluntary compliance.[3] Although administrative regulations are entitled to a presumption of validity, a regulation which is plainly inconsistent with a statute is invalid. See *New York*

1. 42 U.S.C. § 3612(a) provides, in pertinent part: [T]he court shall continue such civil case brought pursuant to . . . § 3610(d) . . . from time to time before bringing it to trial if the court believes that the conciliation efforts of the Secretary . . . are likely to result in satisfactory settlement . . . .

2. § 3610(a) provides in pertinent part: [w]ithin thirty days after receiving a complaint . . . the Secretary shall investigate the complaint and give notice in writing to the person aggrieved whether he intends to resolve it. . · .

3. 24 CFR § 105.34 (1975) provides: The person aggrieved shall be notified in writing by registered or certified mail when the Assistant Secretary has determined that he is unable to obtain voluntary compliance through informal methods of conference, conciliation, or persuasion. The 30 days provided in section 810(d) of Title VIII within which a civil action may be commenced shall be deemed to begin upon the receipt of such notice.

*Foreign Freight Forwarders & Brokers Ass'n. v. Federal Maritime Commission,* 337 F.2d 289 (2 Cir. 1964), *cert. denied,* 380 U.S. 910, 85 S.Ct. 893, 13 L.Ed.2d 797 (1965); 1 K. Davis, Administrative Law Treatise § 5.05 (1958). The courts have the ultimate responsibility to determine issues of statutory interpretation. *Volkswagenwerk Aktiengesellschaft v. Federal Maritime Commission,* 390 U.S. 261, 88 S.Ct. 929, 19 L.Ed.2d 1090 (1968). This Court sees no way to resolve the conflict between the HUD regulation and § 3610(d). The regulation must therefore give way to the statute.

§ 3610(d) clearly requires that a civil action brought under the Fair Housing Act must be filed, if at all, no sooner than the thirty-first day, and no later than the sixtieth day, following the date the plaintiff files a complaint with the Department of Housing and Urban Development. Allowing the plaintiff to file suit while HUD continues to seek voluntary compliance ensures that a defendant cannot delay resolution of the dispute indefinitely by refusing to cooperate with HUD, secure in the knowledge that the plaintiff cannot seek legal redress until HUD has abandoned the case. The present case provides ample evidence that such delays could be substantial. Plaintiffs filed their complaint with HUD on May 29, 1974; they received their "right-to-sue" letter on December 24, 1975—over 1½ years later.

As Chief Judge Gordon demonstrated in *Young v. AAA Realty of Greensboro, supra,* this interpretation of § 3610(d) need not make HUD's efforts a meaningless formality. § 3610(f)[4] provides that HUD's conciliation activities shall end when the civil action comes to trial. That subsection clearly contemplates that HUD's efforts will continue throughout the pretrial stages. Further, § 3612(a) allows a court to stay proceedings when the court believes that HUD is likely to obtain voluntary compliance. Thus, the courts need not be bur-

dened with unnecessary cases, while they provide an additional impetus toward voluntary compliance.

■ Striking references to the Fair Housing Act in this complaint does not deprive plaintiffs of a remedy. They are still free to bring an action pursuant to 42 U.S.C. §§ 1981 and 1982, as they have done. *Jones v. Alfred H. Mayer Co.,* 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968).

Accordingly, it is

ORDERED:

1. Defendant's motion to dismiss is denied.

2. This action is certified as a class action, named plaintiffs to represent a class consisting of all black citizens of Bay County, Florida who may, in the future, seek to obtain rental housing.

3. All reference to the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.,* shall be stricken from the complaint.

---

**4.** Section 3610(f) states: "Whenever an action filed by an individual, in either Federal or State court, pursuant to this section or section 3612

of this title, shall come to trial the Secretary shall immediately terminate all efforts to obtain voluntary compliance."