**Fred L. TATUM, Plaintiff,**

v.

**Elsie MYRICK and Joe E. Hill,
Defendants.**

**No. 76–43 Civ-Oc.**

United States District Court,
M. D. Florida,
Ocala Division.

Jan. 28, 1977.

J. Stephen Pullum, Leesburg, Fla., for plaintiff.

Burton L. Bruggeman, Orlando, Fla., for defendants.

CHARLES R. SCOTT, Senior District Judge.

### ORDER

Plaintiff commenced this action on September 29, 1976, pursuant to the Fair Housing Act ("the Act"), 42 United States Code Section 3601 et seq. and 42 U.S.C. Sections 1981 and 1982 of the Civil Rights Act of 1888. He alleges that in December of 1975 and January of 1976 he was repeatedly denied an opportunity to rent a unit in an apartment complex, called "Eustis Plaza Apartments," in Eustis, Florida. Plaintiff is a black man. He further alleges that he was denied the rental of an apartment unit because of his race, and in accordance with a policy and practice of racial discrimination. In April, 1976, plaintiff filed a complaint with Secretary of the United States Department of Housing & Urban Development ("HUD"), in North Carolina, as the

Act allows.[1] An investigation followed, and on or about August 30, 1976, plaintiff received a notice from HUD that informal efforts were not successful. Plaintiff then filed this action on September 29, 1976; and defendants have moved to dismiss the action under the Fair Housing Act (42 U.S.C. Section 3601 et seq.) for lack of jurisdiction over the subject matter under that Act. Fed.R.Civ.P. 12(b)(1).

## I.

Plaintiff's complaint was filed with the Secretary of HUD within 180 days after the alleged incidents of discrimination, as required by the Act.[2] The Act also provides a 60–day period during which informal, administrative efforts at resolving the dispute may be pursued in the first 30 days; and a formal, legal action may be commenced in the second 30 days. 42 U.S.C. Section 3610(d):

> If within thirty days after a complaint is filed with the Secretary or within thirty days after expiration of any period of reference under subsection (c) of this section, the Secretary has been unable to obtain voluntary compliance with this subchapter, the person aggrieved may, within thirty days thereafter, commence a civil action in any appropriate United

States district court, against the respondent named in the complaint, . . .

■ Under the statutory scheme of Section 3610, the filing of an action under the second 30–day period is a mandatory, jurisdictional prerequisite, not a mere statute of limitations; and the burden to act within the jurisdictional time-period is on the plaintiff. During the first 30 days the Secretary is required to (1) conduct an initial investigation of the complaint, (2) decide whether the dispute is amenable to administrative resolution, and (3) notify the grievant if the Secretary intends to resolve the dispute.[3] If at the end of the first 30 days the Secretary has not resolved the dispute, and has not notified a grievant that he will resolve the dispute, the grievant must commence suit within the next 30 days if he wishes to resolve the matter by a formal legal action.

The issue presented by this motion to dismiss is purely one of law: whether the Court has jurisdiction where a plaintiff files a complaint with the HUD Secretary within the requisite 180 days from the alleged incident of discrimination; but waits to commence legal action until the 60–day period following the filing of his complaint has elapsed; and does not commence suit until 30 days after notification by the HUD Sec-

---

1. 42 U.S.C. Section 3610(a) provides in part: Any person who claims to have been injured by a discriminatory housing practice or who believes that he will be irrevocably injured by a discriminatory housing practice that is about to occur (hereafter "person aggrieved") may file a complaint with the Secretary. Complaints shall be in writing and shall contain such information and be in such form as the Secretary requires. . . .

2. 42 U.S.C. Section 3610(b) provides in part: A complaint under subsection (a) of this section shall be filed within one hundred and eighty days after the alleged discriminatory housing practice occurred. Complaints shall be in writing and shall state the facts upon which the allegations of a discriminatory housing practice are based. . . .

3. 42 U.S.C. Section 3610(a) provides: Any person who claims to have been injured by a discriminatory housing practice or who believes that he will be irrevocably injured by a discriminatory housing practice that is about to

occur (hereafter "person aggrieved") may file a complaint with the Secretary. Complaints shall be in writing and shall contain such information and be in such form as the Secretary requires. Upon receipt of such a complaint the Secretary shall furnish a copy of the same to the person or persons who allegedly committed or are about to commit the alleged discriminatory housing practice. Within thirty days after receiving a complaint, or within thirty days after the expiration of any period of reference under subsection (c) of this section, the Secretary shall investigate the complaint and give notice in writing to the person aggrieved whether he intends to resolve it. If the Secretary decides to resolve the complaint, he shall proceed to try to eliminate or correct the alleged discriminatory housing practice by informal methods of conference, conciliation, and persuasion. . . .

retary (more than 120 days later) of his failure to resolve the dispute.

Under highly similar factual circumstances, the decisional law is evenly divided. In *Brown v. Ballas,* 331 F.Supp. 1033 (N.D. Tex. 1971) the district court analogized two time-period prerequisites of Title VII of The 1964 Civil Rights Act, the Fair Employment Practice Act, 42 U.S.C. Section 2000e et seq. Under that statutory scheme, the Equal Employment Opportunity Commission ("EEOC") is required to investigate complaints of discrimination in employment and to notify the complainant if it is unable to successfully resolve a dispute. The 30–day time period for commencing suit under Title VII begins upon receipt of the statutory required notice of nonaction by EEOC. The court in *Brown v. Ballas, supra* at 1036, held that the "thirty days allotted plaintiff to bring suit under Section 3610(d) begins from the time the required notice has been given." That court reasoned that to hold otherwise would penalize a plaintiff because HUD had "failed to terminate its inquiry within the statutory limits or because it had failed to notify the plaintiff" of its action. *Id.* In so holding, that court followed then-existing HUD regulations that implemented the statute. 24 CFR Section 71.34.[4] Similarly, the district court in *Logan v. Richard E. Carmack & Associates,* 368 F.Supp. 121 (E.D. Tenn. 1973), followed the Title VII analogy. *Id.* at 122–23. Additionally, that court reasoned that to require commencement of any lawsuit during the second 30 days after the filing of the complaint to HUD would result in simultaneous informal, administrative efforts and formal, legal proceedings. *Id.* at 123. Such simultaneity would defy the sound reason underlying the doctrine that requires prior exhaustion of administrative remedies. *Id.*

On the other hand, the district court in *Young v. AAA Realty Co. of Greensboro, Inc.,* 350 F.Supp. 1382 (M.D. N.C. 1972) refused to follow the HUD regulation. That court rejected the decision and reasoning in *Brown v. Ballas, supra,* as an attempt to rewrite clear language of the Act. Instead, that district court contradistinguished the statutory time periods under the Act and of Title VII. *Id.* at 1386. Moreover, that court resolved the apparent conflict between the doctrine of exhaustion of administrative remedies, and the occurrence of simultaneous administrative and judicial procedures, that was a concern in *Logan v. Richard E. Cormack & Associates, supra.* The Act expressly contemplates contemporaneous conciliation efforts by HUD and private judicial proceedings, with a reciprocating deferral by one forum, to the other with the greater likelihood of disposing of the dispute. Section 3610(f) requires the Secretary to terminate administrative efforts upon the commencement of trial in the legal action.[5] Section 3612 requires a court to continue the legal action prior to any trial on the merits, if it appears that the administrative efforts "are likely to re-

---

**4.** 24 C.F.R. Sections 71.33 and 71.34 (1971) [34 Fed.Reg. Sections 71.33 and 71.34 (1969)] provided:

Should a respondent fail or refuse to confer with the Secretary or his representative, or fail or refuse to make a good faith effort to resolve any dispute, or should the Secretary find for any other reason that voluntary agreement is not likely to result, the Secretary may terminate his efforts to conciliate the dispute. In such event, the parties shall be notified promptly, in writing, that such efforts have been unsuccessful and will not be resumed except upon the respondent's written request, where such request is made within the time specified in the Secretary's notice.

The person aggrieved shall be notified of all cases in which voluntary compliance, for whatever reason, is not achieved within 30 days after a complaint is filed or within 30 days after a case referred to a State or local agency has been reactivated. However, where the Secretary has decided to seek resolution, efforts at conciliation may continue after such notice has been given and pursuant to the terms of Sections 71.31 and 71.33. In cases where the Secretary has determined that a complaint does not warrant further action, notification shall also be given to the respondent.

It appears that those HUD regulations are no longer in effect.

**5.** 42 U.S.C. Section 3610(f) provides:

Whenever an action filed by an individual, in either Federal or State court, pursuant to this section or section 3612 of this title, shall come to trial the Secretary shall immediately terminate all efforts to obtain voluntary compliance.

sult in satisfactory settlement."[6] *Id.* at 1386, 1387. *Brown v. Blake & Bane, Inc.,* 402 F.Supp. 621 (E.D. Va. 1975) is in accord. *Id.* at 622–23. That district court further noted the distinction between notices required under the Act and under Title VII. *Id.* at 623.

■ The notice under Title VII is a notice of the failure of administrative efforts and of an intent not to act further; the notice under this Act is a notice of the likelihood of successful administrative efforts and an intent to pursue them. The language of the statutory scheme, creating the jurisdictionally prerequisite time-periods; providing for simultaneous administrative and judicial procedures, with reciprocal deferment, requiring the Secretary's notice of an intent to pursue administrative efforts; and thereby placing the burden to invoke timely a court's jurisdiction upon a grievant plaintiff; is unmistakeably plain and unambiguous. Although the Act contains an unfortunate, intrinsic infirmity that permits a good faith grievant-plaintiff to wait for the outcome of HUD's efforts until after the jurisdictional time-period for commencing suit has passed, that defect does not supply the authority for the Court to rewrite the clear statutory scheme and invent exceptions to it. This Court has recently rejected opposite requests to alter express, unequivocal statutory language: in one case, to create jurisdiction; in the other, to destroy it. *Brohl v. Singer Co.,* 407 F.Supp. 936 (M.D. Fla. 1976); *Usery v. Golden Gem Growers, Inc.,* 417 F.Supp. 857

(M.D. Fla. 1976). What the Court said in those cases is equally applicable here.

It is the responsibility of the Court to interpret and apply the law, *United States v. Nixon,* 418 U.S. 683, 703, 705, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); *Marbury v. Madison,* 5 U.S. 137, 1 Cranch 137, 177, 2 L.Ed. 60 (1803), not to rewrite it. Humanitarian and equitable arguments that would urge the Court to do virtually that are in the wrong forum. They should be addressed to the Congress that enacted the statute.

*Brohl v. Singer Co.,* 407 F.Supp. 936, 939 (M.D. Fla. 1976); *Usery v. Golden Gem Growers, Inc.,* 417 F.Supp. 857, 862 (M.D. Fla. 1976). Consequently, the Court holds that the failure of plaintiff to commence this action under 42 U.S.C. Section 3601 et seq. within the second 30 days after he filed his complaint with the Secretary of HUD, as required by Section 3610(d), precludes this Court from jurisdiction over the present dispute. Accordingly, the motion to dismiss for lack of jurisdiction under 42 U.S.C. Section 3601 et seq. must be granted, and it will be so ordered.

II.

■ Defendants have also moved to dismiss the action insofar as it proceeds under 42 U.S.C. Sections 1981 and 1982. Defendants contend that plaintiff has failed to allege that he was denied rental of an apartment unit because of discrimination against his race, as required for subject matter jurisdiction under 42 U.S.C. Sections 1981, 1982.[7] Instead, defendants argue that

---

**6.** 42 U.S.C. Section 3612 provides in part:
The rights granted by sections 3603, 3604, 3605 and 3606 of this title may be enforced by civil actions in appropriate United States district courts without regard to the amount in controversy and in appropriate State or local courts of general jurisdiction. A civil action shall be commenced within one hundred and eighty days after the alleged discriminatory housing practice occurred: Provided, however, That the court shall continue such civil case brought pursuant to this section or section 3610(d) of this title from time to time before bringing it to trial if the court believes that the conciliation efforts of the Secretary or a State or local agency are likely to result in satisfactory settlement of the discriminatory housing practice complained of in the complaint made to the Secretary . . ."

**7.** 42 U.S.C. Sections 1981 and 1982 provide:
All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

plaintiff has merely alleged his own refusal to rent an apartment unit that was in an unacceptably unclean condition. Paragraph 10, however, alleges that "the refusal . . . to rent an apartment unit to plaintiff was based solely on account of plaintiff's race or color." There is no doubt that the allegations (quoted above) in plaintiff's complaint sufficiently allege racial discrimination to invoke the Court's jurisdiction under 42 U.S.C. Sections 1981 and 1982, and 28 U.S.C. Section 1343. *Tillman v. Wheaton-Haven Recreation Ass'n,* 410 U.S. 431, 439–40 and n.11, 93 S.Ct. 1090, 35 L.Ed.2d 403 (1973); *Jones v. Alfred H. Mayer Co.,* 392 U.S. 409, 412 n.1, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968); *Greene v. City of Memphis,* 535 F.2d 976, 977 n.1 and 978 (6th Cir. 1976); *Campbell v. Gadsden County Dist. School Bd.,* 534 F.2d 650, 653–54 and n.9 (5th Cir. 1976); *Olzman v. Lake Hills Swim Club, Inc.,* 495 F.2d 1333, 1339 (2d Cir. 1974); *Jennings v. Patterson,* 488 F.2d 436, 441–42 (5th Cir. 1974) and 460 F.2d 1021, 1022 (5th Cir. 1972); *Young v. AAA Realty Co. of Greensboro, Inc.,* 350 F.Supp. 1382, 1387 (M.D. N.C. 1972). Viewing the allegations in the complaint favorably to the plaintiff, the Court cannot say that plaintiff is unable to produce some set of facts to establish his claim that he was refused rental of an apartment unit because of his race. Consequently, the motion to dismiss the action under 42 U.S.C. Sections 1981 and 1982 must be denied. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Rios v. Dillman,* 499 F.2d 329, 330 (5th Cir. 1974); *Cook & Nichol, Inc. v. Plimsoll Club,* 451 F.2d 505, 506 (5th Cir. 1971). It is so ordered.