**Nathaniel GOODMAN, Plaintiff,**

v.

**George PLATT, d/b/a Southern Hills Apartments, Paragon Homes Incorporated, Steven B. Platt, Don Estes and Colletta Brutcher, Defendants.**

No. 77–C–249–C.

United States District Court,
N. D. Oklahoma.

Jan. 24, 1978.

Maynard I. Ungerman, Tulsa, Okl., for plaintiff.

David H. Loeffler, Jr., Tulsa, Okl., for Brutcher.

Allen B. Mitchell, Sapulpa, Okl., for Estes.

John B. Jarboe, Tulsa, Okl., Peter G. Pierce, III, and Joel L. Carson, Oklahoma City, Okl., for George Platt, Steven B. Platt and Paragon Homes.

ORDER

COOK, District Judge.

Plaintiff in this action accuses defendants of certain discriminatory housing practices and seeks injunctive, declaratory, and monetary relief therefore pursuant to 42 U.S.C. §§ 1982, 3610, and 3612. Now before the Court is the joint motion of the defendants George Platt, Paragon Homes, Inc., and Steven B. Platt, to dismiss plaintiff's claims under 42 U.S.C. §§ 3610, and 3612 (Title VIII of the Civil Rights Act of 1968) for want of subject matter jurisdiction, or, alternatively, for partial summary judgment on these same claims.

These defendants take the position that plaintiff's Title VIII claims are barred by the time limitations found in 42 U.S.C. §§ 3610(d), and 3612(a). Since plaintiff admits that he is barred from proceeding under Section 3612, the Court will confine its discussion to Section 3610.

Title 42 U.S.C. § 3610(d) provides in pertinent part:

"If within thirty days after a complaint is filed with the Secretary or within thirty days after expiration of any period of reference under subsection (c) of this section, the Secretary has been unable to obtain voluntary compliance with this subchapter, the person aggrieved may, within thirty days thereafter, commence a civil action in any appropriate United States district court, against the respondent named in the complaint, to enforce the rights granted or protected by this subchapter, insofar as such rights relate to the subject of the complaint . . ."

The District Courts have expressed differing views as to the proper application of the time limitations in Section 3610(d).

A minority of these courts have read into Section 3610(d) a new requirement for

bringing suit in the district courts. Section 3610(a) provides that the Secretary shall give notice to the complainant within thirty (30) days of filing whether he intends to resolve the complaint. In an apparent attempt to harmonize Section 3610(a) with Section 3610(d), these courts have held that the second thirty (30) day period provided for in Section 3610(d) does not begin to run until the Section 3610(a) notice is received by the complainant. *See Logan v. Richard E. Carmack & Assoc.,* 368 F.Supp. 121 (E.D. Tenn.1973); *Brown v. Ballas,* 331 F.Supp. 1033 (N.D.Tex.1971). In *Logan,* the Court supports its holding by analogizing to the limitations provisions of the Fair Employment Practices Act (FEPA). It reasoned that since FEPA has a notice provision similar to that in Section 3610(a), the period of limitations in Section 3610(d) should begin to run from the date this notice is received as is specifically provided for in FEPA (42 U.S.C. §§ 2000e–5 et seq.).

This analogy is not apt. Title 42 U.S.C. § 2000e–5(f)(1) specifically provides that a complainant thereunder will be given notice to sue when, among other things, the voluntary compliance efforts of the administrative agency have failed. The complainant is then specifically given ninety (90) days from his receipt of notice in which to file a civil action. Section 3610(a) provides that the Secretary shall give notice as to *whether he intends to resolve the complaint.* Section 3610(d), like Section 2000e–5(f)(1) refers to *failure of voluntary compliance* in regard to the running of the period of limitations, even though notice of this fact is not provided for. Section 3610(d) makes reference to matters which are completely unrelated to the notice required by Section 3610(a). These Sections cannot be harmonized, as the courts above have attempted to do. On the other hand, Section 2000e–5(f)(1) creates an absolute and unavoidable relationship between notice and the running of the period of limitations.

Furthermore, using this analogy so as to contravene the clear and unambiguous language of Section 3610(d) is an unwarranted invasion of the province of Congress. Section 3610(d) provides that suit must be filed in the district court between thirty-one (31) and sixty (60) days from the date the complaint is filed with the Secretary. The complainant does not and cannot wait until he has received notice from the Secretary. Notice is not even mentioned in this Section. In fact, Section 3610(f) obviously contemplates that the Secretary's efforts at conciliation will coincide to some extent with the district court action, for it provides that "the Secretary shall immediately terminate all efforts to obtain voluntary compliance" when but not until the Section 3610 action comes to trial.

This Court's literal interpretation of Section 3610(d) is supported by the weight of authority. *See Tatum v. Myrick,* 425 F.Supp. 809 (M.D.Fla.1977); *Sumlin v. Brown,* 420 F.Supp. 78 (N.D.Fla.1976); *Brown v. Blake & Bane, Inc.,* 402 F.Supp. 621 (E.D.Va.1975); *Young v. AAA Realty Co.,* 350 F.Supp. 1382 (M.D.N.C.1972).

Plaintiff filed his complaint with the Secretary of Housing and Urban Development on August 24, 1976. This action was not filed until June 17, 1977. Plaintiff clearly filed after the period of limitations had run.

For the foregoing reasons, it is therefore ordered that the joint motion of the defendants George Platt, Paragon Homes, Inc., and Steven B. Platt, to dismiss plaintiff's Title VIII claims be, and the same is hereby sustained.