**Ronald R. WATERS**

v.

**PROVIDENT NATIONAL BANK.**

Civ. A. No. 81–756.

United States District Court, E. D. Pennsylvania.

Sept. 14, 1981.

Ronald R. Waters, pro se.

William A. Harvey, Fellheimer, Eichen & Goodman, Philadelphia, Pa., for defendant.

## OPINION

JOSEPH S. LORD, III, Chief Judge.

This is a housing discrimination suit under the Fair Housing Act of 1968, 42 U.S.C. §§ 3601–3619, 3631, and the 1866 Civil Rights Act, 42 U.S.C. §§ 1981 and 1982. In September 1979, plaintiff applied for a home improvement loan from defendant. Defendant rejected plaintiff's loan application in October 1979. Plaintiff claims that defendant rejected the application because plaintiff is black. Defendant moves for partial summary judgment on the Fair Housing Act claim on the ground that it is barred by that Act's statute of limitations.

The parties agree that the alleged discriminatory act occurred in October 1979 when plaintiff's loan application was rejected; and that plaintiff filed a complaint with the Department of Housing and Urban Development (HUD) on October 23, 1979. On February 3, 1981, HUD notified plaintiff that its conciliation efforts had failed. On February 26, 1981, plaintiff filed this

action. There is no genuine issue as to the dates of the alleged discriminatory act, the filing of the HUD complaint, HUD's notification of the failure of conciliation, and the filing of the court complaint.

The Fair Housing Act provides that

(a) Any person who claims to have been injured by a discriminatory housing practice ... may file a complaint with the Secretary .... Within thirty days after receiving a complaint ... the Secretary shall investigate the complaint and give notice in writing to the person aggrieved whether he intends to resolve it. If the Secretary decides to resolve the complaint, he shall proceed to try to eliminate or correct the alleged discriminatory housing practice by informal methods of conference, conciliation, and persuasion ....

(b) A complaint under subsection (a) of this section shall be filed within one hundred and eighty days after the alleged discriminatory housing practice occurred ....

....

(d) If within thirty days after a complaint is filed with the Secretary ... the Secretary has been unable to obtain voluntary compliance with this subchapter, the person aggrieved may, within thirty days thereafter, commence a civil action in any appropriate United States district court, against the respondent named in the complaint, to enforce the rights granted or protected by this subchapter ....

42 U.S.C. § 3610. Defendant argues that section 3610 required plaintiff to file his civil action between the thirty-first and sixtieth day following the date of his HUD complaint. Because the civil action was not filed until approximately sixteen months after the HUD complaint, defendant asserts that it is untimely under the statute.

The HUD regulations implementing the Fair Housing Act state that the thirty day period "within which a civil action may be commenced shall be deemed to begin with the receipt by the complainant of a notice from the Assistant Secretary that he does not intend to resolve the complaint or he is terminating his efforts to conciliate the matter." 24 C.F.R. § 105.16(a) (1981). *See also id.* at § 105.34. Plaintiff filed his court complaint twenty-three days after receiving such notification from HUD.

Two early district court cases upheld HUD's interpretation of the statute. *See Logan v. Richard E. Carmack & Associates,* 368 F.Supp. 121 (E.D.Tenn.1973); *Brown v. Ballas,* 331 F.Supp. 1033 (N.D.Tex.1971). Both cases rely on analogies to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5. Under Title VII, a plaintiff must exhaust administrative remedies as a prerequisite to court action. A Title VII plaintiff must obtain a "right to sue" letter from the Equal Employment Opportunity Commission before filing a civil action. The plaintiff then has ninety days from receipt of the "right to sue" letter to file the action. *Logan* held that it is appropriate to give the same interpretation to the Fair Housing Act. Giving a plaintiff thirty days from receipt of a notice from HUD that conciliation has failed or will not be undertaken encourages the efficient use of administrative remedies. It avoids the irrationality of making the plaintiff go forward with two proceedings at once. *Logan,* 368 F.Supp. at 123.

HUD's logical interpretation, however, is contradicted by the literal language of the statute. Section 3610, unlike Title VII, does not require a plaintiff to exhaust administrative remedies before filing a civil action. The notice the Secretary must give to the plaintiff under section 3610(a) is simply notice whether the Secretary intends to try to resolve the problem. Under the plain language of section 3610(d), the plaintiff not only need not wait until administrative conciliation efforts have failed, he must not wait for their resolution.

Although arguably irrational, *see Logan, supra,* the Fair Housing Act contemplates that administrative and court action proceed simultaneously. Under section 3610(f), the administrative conciliation efforts terminate only when the court action comes to trial. *See also* 42 U.S.C. § 3612(a) ("[T]he

court shall continue such civil case brought pursuant to this section or section 3610(d) of this Title from time to time before bringing it to trial if the court believes that the conciliation efforts of the Secretary ... are likely to result in satisfactory settlement ...."). These factors have persuaded several recent courts to hold that the statute means what it says, and its plain language must override HUD's regulatory interpretation. *See Green v. Ten Eyck*, 572 F.2d 1233 (8th Cir. 1978); *Kreiger v. Merifield Acres, Inc.*, 465 F.Supp. 62 (E.D.Va.1979), *rev'd mem.*, 620 F.2d 293 (4th Cir. 1980); *Morgan v. Parcener's Ltd.*, 493 F.Supp. 180 (W.D. Okl.1978); *Goodman v. Platt*, 444 F.Supp. 140 (N.D.Okl.1978); *Tatum v. Myrick*, 425 F.Supp. 809 (M.D.Fla.1977); *Sumlin v. Brown*, 420 F.Supp. 78 (N.D.Fla.1976); *Brown v. Blake & Bane, Inc.*, 402 F.Supp. 621 (E.D.Va.1975); *Young v. AAA Realty Co.*, 350 F.Supp. 1382 (M.D.N.C.1972).

As the *Green* court noted, it is unfortunate that the plain language of the statute requires dismissal of section 3610 claims of individuals who rely in good faith on the HUD regulations and wait to file their court actions. As *Green* also noted, however, the regulations are not entitled to deference where, as here, they are contradicted by the clear language of the statute. *See Shea v. Vialpando*, 416 U.S. 251, 262 n.11, 94 S.Ct. 1746, 1754 n.11, 40 L.Ed.2d 120 (1974). Therefore, reluctantly, I will grant defendant's partial motion for summary judgment on this basis.[1]

---

**1.** Plaintiff also sues under section 3612 of the Fair Housing Act. Sections 3610 and 3612 are alternative grounds for suit. *Gladstone Realtors v. Bellwood*, 441 U.S. 91, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979). Section 3612(a), however, contains an explicit 180 day statute of limitations that bars plaintiff from suit here.